## DANIEL HAYS, APPELLANT, VS. FREDERICK ERNEST ET AL., APPELLEES.

1. A will executed in this State in the year 1885, purporting to devise both real and personal estate within this jurisdiction, but signed by only two subscribing witnesses, is valid as to the personalty if valid in other respects, though inoperative as to the real estate. The statute did not undertake to prescribe the mode of executing wills in reference to the disposition of personal property, further than to regulate the revocation of such wills when written, and the establishment of nuncupative wills. In other respects the common law rule controlled the execution of wills concerning personal property, and, according to this rule, such wills when written, required no witnesses to their execution.

2. The statutory regulation (McClellan's Digest, page 987, § 9), that "no will shall be admitted to probate upon the oath of any person appointed executor or executrix thereto, when it shall appear by said will or otherwise that said person so appointed is interested in the estate therein bequeathed, or any part thereof," has reference to the admission of wills to probate in common form, and without reference to testimony over the contests of wills.

3. Under Section 1, Chapter 1983, laws of 1874, an executor named in a will who is also a legatee therein, is a competent witness on an issue of *devisavit vel non*, as this issue does not involve a transaction or communication between the testator and such legatee. Heirs at law, next of kin and devisees are all competent witnesses as to the execution of the will.

4. Where competent testimony has been excluded, and the appellate court can not say what would have been the result had such testimony been admitted and considered, the judgment will be reversed.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan* and *A. W. Cockrell & Son* for Appellant.

*J. R. Parrott* for Appellees.

MABRY, J.:

On the 9th day of October, A. D. 1885, Hays, the appellant, presented to the county judge of Duval county a writing purporting to be the last will and testament of Johann Christian Lehmann, accompanied with a petition setting up the fact that said writing was executed by Lehmann as his last will and testament, and praying that the same be probated as such. The writing claimed to be Lehmann's will and presented to the county judge, purports to devise to the proponent, Hays, real estate situated in Duval county, Florida, and in Franklin county, Ohio, and also all the bank account of Lehmann with the Florida Savings Bank and Real Estate Exchange, in the city of Jacksonville. This writing is signed by Johann Christian Lehmann, and attested by John H. Brown and George W. Wetmore, and the attestation is that said "instrument was at the date thereof signed, sealed and published, and declared by the said Johann Christian Lehmann as and for his last will and testament in presence of us, who, at his request, and in his presence, and in the presence of each other, have subscribed our names as witnesses." Brown and Wetmore made oath before the county judge that Lehmann on the 18th day of September, 1885, in their presence, subscribed said instrument as his last will and testament, and that affiants at the request of Lehman, and in his presence, and in the presence of each other, subscribed their names as witnesses. Also that at the time of subscribing his name to said instrument Lehmann was over twenty-one years old, and was of sound mind. Lehmann died on

the 19th day of September, 1885, in the city of Jacksonville, where he had resided for some time before his death.

After the presentation of the alleged will to the county judge for probate, and without any action thereon by him, A. W. Owens presented a petition in the county court of Duval county addressed to the judge thereof, and therein alleged that Lehman died in Duval county, Florida, on the 19th day of September, A. D. 1885, and, as petitioner was informed and believes, without leaving any heirs at law. The proceedings on the part of Hays in presenting to the county judge the instrument of writing as the will of Lehmann, with the request that it be probated, are set out in the petition; and further, that to the best of petitioner's knowledge, information and belief, said Lehmann at the time of the making of said instrument was *non compos mentis*, and also that said instrument purporting to be his last will and testament was not signed by him, but by some one else without his request or consent. It is also alleged that if said instrument for any reason be invalid, the property of Lehmann, both real and personal, will escheat to the State of Florida, and that petitioner is the attorney and representative of the State in the county of Duval.

The prayer of the petition is, that the court will inquire into the premises, as provided by law, and will declare said instrument null and void, and appoint an administrator to take charge of and administer the goods and chattels of said Lehmann, deceased.

This petition was presented on the 16th day of October, A. D. 1885, and on the 18th of March, 1886, an order was made by the county judge, as it is recited, by agreement of counsel, that the contest in the mat-

ter of the will of Johann Christian Lehmann be heard on a subsequent day in that month.

The record discloses the testimony of several witnesses taken before the county judge in reference to the execution of the alleged will by Lehmann, and also the decision of said judge that the said instrment was not the last will and testament of said decedent and should not be allowed to probate in said court. An appeal was taken from this decision to the Circuit Court for Duval county, and upon argument there the circuit judge decided that there was no error in the record of the county court, and its judgment was affirmed. The record is now before us on appeal from the decision of the Circuit Court.

It is testified that four persons, Hays, the sole beneficiary in the will, Brown and Wetmore, the subscribing witnesses, and Clem Johnson, were present when it was executed, and that Lehmann asked Johnson to sign also as a witness, but he was told that two would do. The judge refers in his opinion to the fact that the will was signed by only two witnesses. At the time of the execution of the instrument in question wills devising real estate were required by statute to be attested and subscribed by three or more witnesses, or else they were void and of no effect. McClellan's Digest, page 895, sec. 1. This means they were void and of no effect as devises of real estate. The statute did not undertake to prescribe the mode of executing wills in reference to the disposition of personal property, further than to regulate the revocation of such wills when written, and the establishment of nuncupative wills. In other respects the common law rule controlled the execution of wills concerning personal property, and according to this, such wills when written required no witness

to their execution. Meyer vs. Fogg. 7 Fla., 292; Schouler on Wills, sec. 318. The instrument offered for probate in the case before us purports to devise both real and personal property, and so far as being a will of the realty it must fail in this jurisdiction, because it has only two attesting and subscribing witnesses. Crolly vs. Clark and Alsop, 20 Fla., 849. The county judge would for this reason have been justified in refusing to probate the instrument as a bequest of real estate, but the absence of subscribing witnesses would not be enough to sustain its rejection as a will of the personalty,. provided it had the requisites of a valid will for this purpose in other · respects. While the county judge refers in the opinion rendered by him to the fact that the alleged will has but two subscribing witnesses, it is clear that he based his decision rejecting the proposed will *in toto* also upon testimony before him, and regarded as competent. The decision in effect, on the testimony, · was that Lehmann did not execute the instrument offered as his will, and hence it was not entitled to be probated for any purpose. The proponent (appellant here) insists that the county judge committed an error in his ruling on the testimony, and that the judgment should be reversed on this account. This will necessitate a brief reference to the testimony and the rulings of the court thereon.

Hays, Brown, Wetmore, and Johnson testified for proponent that they were present when the instrument was executed, and saw Lehmann sign the same as his will in their presence, and that Brown and Wetmore, at his request, in his presence and in the presence of each other, signed it as witnesses. Hays is named as executor of the will, and is sole beneficiary therein. At the time of Lehmann's death, he was occupying a

room in Hays' house and died there. Hays says he let Lehmann have a room after he had failed to get one any where else, and he expressed great appreciation for this kindness, and said that he had been sick for many years. While staying in Hays' house, Lehmann bought real estate in Jacksonville, and consulted Hays about the purchase and seemed to place great confidence in him. Hays testified to attentions shown by him to Lehmann during his last illness, and about his wanting to make a will, and asking Hays to get some one to write it for him. He then testified to the writing of the will and its execution as above stated, and also of Lehmann's death the day following. Two other witnesses testified for proponent that they were familiar with Lehmann's handwriting, and gave it as their opinion that his name signed to the alleged will was genuine. In opposition to this showing for the proponent, caveator introduced four witnesses, two of whom, as experts, in comparing the signature to the alleged will and the signature to a note and mortgage introduced in evidence and shown to have been signed by Lehmann, say that in their opinion the signatures were not made by the same person, and that the signature to the will was not genuine. Two other witnesses who were familiar with Lehmann's handwriting, and who were employes in banks where he did his business, say that they would not have paid checks for Lehmann with the same signature on them that is on the will. The will and also the signature of Lehmann, shown to be genuine, signed to a note and mortgage, were before the county judge when he made his decision. In considering the case, the county judge ruled out and refused to consider the testimony of Hays, on the ground that he was an interested party. Was this ruling cor-

rect on the issue then before the county judge? The statute provides that "no will shall be admitted to probate upon the oath of any person appointed executor or executrix thereto, when it shall appear by said will or otherwise that said person so appointed is interested in the estate therein bequeathed, or any part thereof." McClellan's Digest, page 987, sec. 9. This statute was passed as an amendment to the one passed the year before authorizing wills to be admitted to probate upon the oath of any person appointed executor or executrix thereto. McClellan's Digest, page 986. These provisions had reference to the admission of wills to probate in common form, and without reference to testimony over the contests of wills. They provided that wills might be admitted to probate upon the oath of the executor or executrix when not interested in the estate devised, or where there was no executor or executrix, upon the oath of any credible person having no interest under the will, that he or she verily believed the writing exhibited as the last will and testament to be the true last will and testament of the deceased. When a will, with all the essential requisites as to its execution, and apparently genuine, is exhibited to the county judge for probate, he would be authorized under the provisions of the statute and on the oath of the party mentioned to admit it to probate. The oath of the disinterested executor, or other credible person, is the formal proof required by the statute to admit the will to probate in such cases, but it has no reference to the competency of persons to testify to material matters on a contest of the will. Chapter 1983, sec. 1, laws of 1874, provides that "no person offered as a witness in any court, or before any officer acting judicially, shall be excluded by reason of his interest in the event of the

Daniel Hays v. Frederick Ernest et al.—Opinion of Court.

action or proceeding, or ecause he is a party thereto." And the proviso to this section excluding certain interested persons from testifying in regard to any transaction or communication between such persons and a party at the time of examination deceased, does not, in our judgment, exclude Hays from testifying as a witness to the probate of the will which was the subject-matter of consideration before the court. A proceeding to establish or invalidate a will rests upon different grounds from ordinary causes of action, and are in the nature of proceedings *in rem*. The heirs at law and next of kin and devisees are usually nominal parties, but the proceeding is between living parties. The cause of action does not exist until after the death of the testator, and he is in no sense then a party to the proceeding. On a contest of a will the subject-matter of investigation is the act of the testator in executing the will, and the proceeding is directed to this matter. The execution of a will is not a transaction or communication between the testator and a legatee, and the heirs at law, next of kin and devisees are competent witnesses as to the *factum* of the execution of the will. Garvin's Admr. vs. Williams, 50 Mo., 206; Shailer vs. Bumstead, 99 Mass., 112; Lawyer vs. Smith, 8 Mich., 411; Snider vs. Burks, 84 Ala., 53; Kumpe vs. Coons, 63 Ala., 448; Milton vs. Hunter, 13 Bush, 163. The county judge committed an error then in excluding from his consideration the testimony of Hays on the ground of interest. What would have been the result had Hays' testimony been cast into the judicial scale, we can not say. The decision was against the validity of the will, and as it can not be said that there was no conflict of evidence on this point, the exclusion of competent evidence

was error. Simmons vs. Spratt, 26 Fla., 449, 8 South. Rep., 123; Dickey vs. Malechi, 6 Mo., 177.

So far we have considered the case as it seems by the record to have been presented in the county court as a contest of the proposed will on the caveat filed by the State attorney, alleging a failure of heirs on the part of Lehmann, the alleged testator. In the opinion rendered by the county judge rejecting the will for probate it is stated: "It is a well-established principle of law that no one but an heir of the realty or entitled to distribution, has a right to contest the probate of a will or a devise of the realty, and it is contended by counsel for petition that A. W. Owens, Esq., representing the State of Florida, has no right to appear in opposition to the application for probate of the alleged will; but there is evidence before this court that said Lehmann left heirs surviving him, and A. W. Owens is now recognized by the court as counsel and proctor for and in behalf of the heirs and legal representatives of said Lehmann." In the bond filed by the appellant in the appeal from the county court to the Circuit Court, Frederick Ernst and several others are named as obligees, and it is therein recited that they contested the probate of said will. And in the bond filed on appeal to this court the same parties are mentioned as obligees, and it is also recited that they were contestants of said will. There is nothing in the record except what is recited in the opinion of the county judge above, and the recitals in the appeal bonds, to show that Lehmann left any heirs, or that any contest of the will was made in their behalf in the county court. Upon the filing of the caveat on the part of the State attorney, the record recites that upon agreement of counsel, the contest of the will of Lehmann was fixed for hearing on a certain day. Testimony was taken,

and in rendering judgment thereon reference is made for the first time to the heirs, and their representation by the caveator who had commenced the contest by filing the petition against the probate of the will.

It is said in Meyer vs. Fogg, 7 Fla., 292, that the only persons competent to contest the will then under consideration were the heirs of the realty or distributees entitled to the personalty, and there should be allegation and proof of such fact. The contestants of the will in that case failing to show such a status, were not entitled to a standing in court. The testator left heirs in that case. The county judge had jurisdiction of the contests over the probate of wills, and the only statutory regulation as to the practice before him in such matters at the time of the decision in the case before us is that in Chapter 1627, acts of 1868. Lavey vs. Doig, 25 Fla., 611; 6 South. Rep., 259. Chapter 3886, acts of 1889, makes special provision for the contests of the probate of wills and this act is declared to be applicable to wills of persons who had died prior to its passage, and which had not been admitted to probate, as well as to wills of persons who should die after its passage, but the decision in this case was made before this act went into effect.

The act of 1868, *supra*, provides that the pleadings in the county court, sitting as a court of probate, shall be in writing, and shall be: 1st. The complaint by petition; and 2nd., the answer or demurrer; and that upon filing the answer the cause shall be at issue. Considering an issue by agreement of parties to have been made upon the petition of Hays to have the will probated, and the caveat of the State Attorney, the case presented in the county court was between them, and confined strictly to the record there is nothing to show that the heirs of Lehmann, if he left any, were

before the court as contestants of the will. One of the assignments of error in the Circuit Court, and the same is renewed here, was that the alleged heirs of Lehmann were not parties to said cause by any appropriate or legal proceeding, and were not in fact contestants of said will. As we have above stated the issue strictly presented on the record in the county court was on the caveat filed by the State attorney, on the theory that there were no heirs of Lehmann, and considering it from this standpoint the county judge committed an error in excluding the testimony of the proponent, Hays, if for no other reason. The same result would follow if we were to recognize A. W. Owens as representing the heirs of Lehmann.

Inasmuch as the case must be reversed, it is deemed proper to direct that upon the return of the mandate of this court, an issue be properly made on the petition of the heirs of Lehmann, if he left any, and they desire to contest the said will, and that due proceedings he had thereon as provided by law.