ELLIS MENDELL,. executor, & others, *vs.* HIRAM DUNBAR
& others.

Suffolk.    March 15, 16, 1897. — June 16, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & LATHROP, JJ.

*Insufficient Attestation of Will.*

A person who was ill in bed, and unable to leave it, signed his will in the presence of the subscribing witnesses, who thereupon withdrew to another room in the house, no part of which was visible from any part of the room where the testator remained, and there subscribed as witnesses. They then returned to the presence of the testator, and one of them, with the assent of the others, said that they had signed his will, and showed him the signatures, and he assented thereto. *Held,* that the will was not properly attested within the meaning of the Pub. Sts. c. 127, § 1.

APPEAL, by the executor of and certain legatees under the will of. Eugene F. Dunbar, from a decree of the Probate Court disallowing it. Hearing before *Holmes,* J., who reported the case for the determination of the full court, in substance as follows. The testator was ill in bed and unable to leave it. He signed his will .in the presence of the subscribing witnesses, who thereupon withdrew to another room in the house, no part of which was visible from any part of the room where the testator remained, and there subscribed as witnesses. They then returned ·to the presence of the testator, and one of them, with the assent of the others, said that they had signed his will, and showed him the signatures, and he assented thereto. The judge ruled that these facts did not satisfy the requirements of the statute, and disallowed the will. The appellants from the decree of the Probate Court appealed to the full court. If the ruling was right, the decree of the Probate Court was to stand; if wrong, · the will was to be established.

*J. C. Lane,* for the appellants.

*E. Lowe,* for the appellees.

LATHROP, J.   By the Pub. Sts. c. 127, § 1, to entitle a person to dispose of his estate by will, it must be signed by him or by some other person in his presence and by his express direction, " and attested and subscribed in his presence by three or more competent witnesses."

The questions presented by the report are two. First, Was the instrument signed by the witnesses in the presence of the testator? Secondly, If not, was the subsequent action of one of the witnesses in the presence of the others, and the assent of the testator, a sufficient compliance with the statute? We are of opinion that both questions must be answered in the negative.

In *Boldry* v. *Parris*, 2 Cush. 433, it appeared that two of the witnesses to a will signed it when in another room from the testatrix, connected by an intermediate room with the one in which she was, and not in her view or hearing; and it was held that this was not in her presence, and so not a compliance with the statute.

In *Riggs* v. *Riggs*, 135 Mass. 238, the instrument was signed by the attesting witnesses at a table in an adjoining room, at a distance of nine feet from the testator. The door was open between the rooms, and the table was within his line of vision, if he had been able to look, but on account of an injury he could not turn his head to look. He could hear all that was said, and knew and understood all that was done. It was said by Chief Justice Morton: " The statute does not make the test of the validity of a will to be that the testator must see the witnesses subscribe their names; they must subscribe ' in his presence '; but in cases where he has lost or cannot use his sense of sight, if his mind and hearing are not affected, if he is sensible of what is being done, if the witnesses subscribe in the same room, or in such close proximity as to be within the line of vision of one in his position who could see, and within his hearing, they subscribe in his presence."

In the case at bar, the only fact which appears bearing upon the first question is that, after the testator signed in the presence of the subscribing witnesses, they " thereupon withdrew to another room in the house, no part of which was visible from any part of the room where the testator remained, and there subscribed as witnesses." It does not appear where they went, or whether the doors between the rooms were open or shut, or whether what was done was within hearing. The burden of proof was upon the proponents of the instrument offered for probate to satisfy the court that this instrument was signed by

the witnesses in the presence of the testator. On the facts found, it does not appear that this was in his presence.

The second question we must regard as settled by the case of *Chase* v. *Kittredge*, 11 Allen, 49. The opinion of Mr. Justice Gray contains a full and careful consideration of the authorities; and we see no occasion to reconsider the question.

The ruling of the single justice was therefore right; and the decree of the Probate Court is to be affirmed, and the cause remitted to that court for further proceedings.

*So ordered.*