ELIZA J. NORCROSS *vs.* CELIA MAHAN & others.

Suffolk.    January 8, 1933. — June 28, 1933.

Present: PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Probate Court*, Appeal, Findings by judge, Requests and rulings.

Upon appeal from a decree of a probate court disallowing an alleged will, the evidence and material facts found by the judge of probate being reported, it was *held*, that findings, that one of the witnesses to the alleged will signed it a few days after the deceased and the other two witnesses had signed it, and did not sign it in the presence of the deceased, and that the evidence did not show that "the instrument was the voluntary testamentary act" of the deceased, were not plainly wrong and must stand; and the decree was affirmed.

Requests by the appellant for rulings of law, which were printed in the record on the appeal above described, had no standing in the absence of an exception to their refusal shown in the report of the evidence.

PETITION, filed in the Probate Court for the county of Suffolk on February 20, 1932, for probate of the will of James Carney, late of Boston.

The petition was heard by *Poland*, J., a stenographer having been appointed under statutory provisions. By order of the judge, a decree disallowing the will was entered. The petitioner appealed. The judge reported the material facts found by him.

*A. R. Kelley*, for the petitioner, submitted a brief.

No argument nor brief for the respondents.

LUMMUS, J. This is an appeal by the proponent of a will from a decree of a probate court disallowing it. We have before us a finding of material facts and a report of all the evidence. Upon oral evidence the judge found that the decedent signed the instrument, but that one of the supposed attesting witnesses, who signed a few days after the decedent and the others, did not sign in the presence of the testator. *Mendell* v. *Dunbar*, 169 Mass. 74. He found, also, that the proponent had failed "to show that the instrument was the voluntary testamentary act of" the decedent. *Fleming* v. *Morrison*, 187 Mass. 120.

Appellate procedure in probate cases, under G. L. (Ter. Ed.) c. 215, §§ 9–12, follows the practice in equity. Although all findings of fact, as well as any rulings of law, are open for review, by a familiar rule, already sufficiently elaborated, findings based upon oral evidence will not be overturned unless plainly wrong. *Berman* v. *Coakley,* 257 Mass. 159, 162. *Bankers Trust Co.* v. *Dockham,* 279 Mass. 199, 200. *Tuells* v. *Flint, ante,* 106, 108–109. It is enough to say that an examination of the evidence does not convince us that the findings are plainly wrong. In a case like this, where marshalling the evidence would elucidate no principle of law and would interest no one but the parties, the court refrains from discussion. *Reed* v. *Reed,* 114 Mass. 372.

Requests by the appellant for rulings of law are printed in the record, but they have no standing under equity practice, at least in the absence of an exception shown in the report of the evidence. *Graustein* v. *Dolan,* 282 Mass. 579. The case of *Woodworth* v. *Woodworth,* 271 Mass. 398, is not to be regarded as an authority as to what is open on appeal in equity.

*Decree affirmed.*