### In re WATKINS' WILL.

Circuit Court, Columbia County, Civil Appeal.

October 26, 1953.

Ragland, Kurz, Layton & Maness, Jacksonville, for appellant.

Brannon & Brown, Lake City, for appellee.

R. H. ROWE, Circuit Judge.

This cause came on to be heard on appeal from the county judge's court for this county, in probate. On August 11, 1947 Isaac Watkins, a resident of this county, by will in the presence of three attesting witnesses, each of whom subscribed his name as a witness, devised his entire estate to his sister Penelope T. Watkins, which will was on August 10, 1953 admitted to probate by the county judge as the last will and testament of Isaac Watkins.

On April 10, 1953 Isaac Watkins executed what purported to be a second will devising his entire estate to one Favel Crawford, who was not related to him. This second will, the original of which has been examined by the court, contains no attestation clause and contains the signature of only one person other than the testator —that is, there is only *one* subscribing witness to this second will.

Isaac Watkins died on June 26, 1953. By order of August 10, 1953 the county judge ruled that the second will, viz: that of April 10, 1953, was invalid under the laws of Florida and was not entitled to probate. It was from this order that the appeal was effected.

The question for the court to determine is—*may there be a valid will under the laws of Florida with only one subscribing witness?*

The record shows that the testator Isaac Watkins signed the will of April 10, 1953 in the presence of Charles Val Clear, and that Charles Val Clear signed as a witness in the presence of the testator, at the request of the testator; and that the testator signed the will of April 10, 1953 likewise in the presence of Russell Platt. No one else was present. The testator requested Russell Platt to sign as a witness, but he did not sign as a witness. The county judge, who heard the witness Platt testify, found that Platt refused to sign as a witness.

Prior to the enactment of the Probate Act of 1933 the laws of Florida required, with reference to real property, that the will— "shall be attested and subscribed in the presence of the said testator by two or more witnesses, or else it shall be utterly void and of non-effect." Section 5460, C. G. L. 1927.

Under the Probate Act of 1933, section 731.07 F. S. A., wills covering personal property were required to be executed with the same formality as those covering real property. The requirement as to witnesses is as follows—"(2) The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will or cause his name to be signed as aforesaid . . ."

It is noted, therefore, that under our earlier law it was required that the will be "attested and *subscribed*" by two or more witnesses, while under the 1933 Probate Act, the requirement is "two attesting witnesses present at the same time." It is the contention of the appellant that the will of April 10, 1953 to Favel Crawford is valid, even though one of the witnesses did not subscribe his name as a witness—in that the 1933 Probate Act merely required two or more attesting witnesses.

It appears to the court that all of the states, except perhaps four or five, expressly, by statute, require two or more *subscribing* witnesses to wills. In these remaining jurisdictions, which include Colorado and Illinois, the requirement is two or more *attesting* witnesses, and in each of these jurisdictions the courts have held that the word "attestation" embraces the word "subscription." International Trust Co. v. Anthony (Colo.), 101 Pac. 781, 22 L. R. A.

(N. S.) 1002; In re Sloan's Estate (Ill.), 56 N. E. 952; Drury v. Connell (Ill.), 52 N. E. 368; Calkins v. Calkins (Ill.), 75 N. E. 182. The court is inclined toward the view of the appellee that the will here offered for probate by the appellant would not be accepted as a valid testamentary disposition in any state in the union today which does not recognize holographic wills.

It is, therefore, the ruling of this court that the requirement of section 731.07 of at least two attesting witnesses present at the same time means two attesting witnesses who subscribe their names to the will as witnesses. To hold otherwise would open the door to possible fraud and create much uncertainty and confusion with reference to the probate of wills.

Then, too, the 1933 Probate Act appears to use the words "attesting witnesses" and "subscribing witnesses" interchangeably, for section 731.07 (5) condemns as void all devises and bequests to subscribing witnesses. By implication this same section requires two or more subscribing witnesses to a will as follows—"All devises and bequests to subscribing witnesses are void, unless there are at least two other disinterested subscribing witnesses to the will."

To hold, as urged by the appellant, that it is not necessary for attesting witnesses to a will to subscribe their names as witnesses would mean that the validity of the will would depend on the witnesses surviving the testator. This clearly was not the intention of the legislature, nor is it the meaning of the Probate Act.

The appealed orders of the county judge are affirmed and the cause is remanded for further administration in accordance with law.