### In re LEO'S WILL.
### No. 1785.

Circuit Court, Dade County, Civil Appeal.

April 8, 1958.

Alex E. Carlson, Miami Springs, for appellant.

Duval & Duval, Miami, for appellee.

ROBERT H. ANDERSON, Circuit Judge.

The question posed by the appellant in this case is—"Does attestation of a will satisfy the requirements of section 731.07(2), Florida Statutes, where the attesting witnesses subscribed to the

will 24 hours in point of time subsequent to the actual execution of the will by the testator in the presence of the same attesting witnesses?"

The appellee stated it thus—"Is a will valid wherein the attesting witnesses subscribed to the will after the testator's death?"

This question gave the court considerable trouble. Both parties relied on In re Watkins' Estate (Fla.), 75 So. 2d 194, 4 Fla. Supp. 193, which held that a will executed by the testator in the presence of two witnesses, who saw testator place his signature thereon, and to whom testator declared that the will was his last will and testament, was invalid in view of the fact that only one of such witnesses subscribed his name to the will.

In the case at bar the will was executed by the testator in the presence of three witnesses, each of whom saw him sign it—but they did not actually subscribe their names thereto as witnesses until 24 hours after its execution, during which time the testator died. The county judge held that the will was not executed in accordance with law, and declined to probate it.

Section 731.07, Florida Statutes, provides—

*Execution of Wills*—Every will, other than a nuncupative will, must be in writing and must be executed as follows:

(1) The testator must sign his will at the end thereof, or some other person in his presence and by his direction must subscribe the name of the testator thereto.

(2) The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will or cause his name to be signed as aforesaid or acknowledge his signature thereto.

(3) No will executed by a nonresident of Florida, either before or after this law takes effect, is valid as a will in this state unless it is executed in accordance with the laws of this state in force at the time of its execution, except that a will valid under the laws of the state or country in which the testator is domiciled at the time of his death is valid in this state, so far as it relates to personal property.

(4) A will executed by a resident of this state prior to October 1, 1933, is valid if executed according to the laws of this state in force at the time of its execution.

(5) All devises and bequests to subscribing witnesses are void unless there are at least two other disinterested subscribing witnesses to the will. If a subscribing witness would be entitled to any share of the estate of the testator in case the will were not established, he shall take such proportion of the devise or bequest made to him in the will as does not exceed the share of the estate which would be distributed to him if the will were not established.

(6) No particular form of words is necessary to the validity of a will if it is executed according to the formalities required by law.

(7) A codicil shall be executed with the same formalities as a will.

No case squarely in point can be found. If the revisers of the probate law had followed the Model Execution of Wills Act, the problem would have been simple, as that statute provides—

"(2) *Witnesses.* The attesting witnesses must sign

"(a) In the presence of the testator, and

"(b) In the presence of each other."

If this had been the law and if the testator had died when the attesting witnesses signed, their attestations obviously would not have been done *in his presence.* So the statute would not have been complied with. Section 731.07 F.S.A., page 79.

It will be observed that our statute (section 731.07, Florida Statutes) does not expressly declare that the attesting witnesses shall sign in the presence of the testator, or indeed that they shall sign at any particular time. For aught that appears to the contrary the will might be perfectly valid if it were attested after the testator's death.

At common law devisees or legatees under a will, because of their interest, are incompetent to act as attesting witnesses. Under statutes forfeiting the devises or legacies they have been held to be competent witnesses, and under some statutes they are made competent without avoidance of the devise or legacy. Wills, 94 C.J.S. 999, section 185c.

In view of the language of section 731.07(5), supra, it may be that these witnesses are competent. The question then recurs whether or not their attestation was valid. It is the policy of the courts to uphold wills, unless some mandatory provision of the law has been violated. There is grave doubt here that such is the case.

This court has profound respect for the judgment of the very experienced county judge who refused to probate the will, but after a somewhat exhaustive search of the cases in addition to that made by counsel in this case the court is impelled to the conclusion that the county judge committed error when he did not probate the will. His order is, therefore, reversed.