CARROLL, DONALD K., Acting Chief Judge.
The protestant in a proceeding to probate the will of a decedent has appealed from an order entered by the County Judge’s Court of Franklin County, admitting the will to probate.
The sole question presented to this court for our determination in this appeal is whether the evidence before that court showed that the said Watson executed the said will in accordance with the requirements of Sections 731.07 and 732.31, Florida Statutes, F.S.A.- — -namely, whether that evidence shows that Watson signed or acknowledged his signature to his will in the presence of two attesting witnesses present at the same time.
Section 731.07, Florida Statutes, F.S.A., provides in pertinent part that every will, other than a nuncupative will, must be in writing and executed as follows: “ * * * The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will or cause his name to be signed as aforesaid or acknowledge his signature thereto.”
The executor named in Watson’s will filed a petition in the said court to probate that will and on the same date the court issued a commission to the County Judge of DeSota County to take proof of the execution and attestation of the will in the usual form for witnesses who cannot appear without manifest inconvenience. The proof of the will was made by the witness, F. V. *250 Richardson, and was duly filed in the County Judge’s Court of Franklin County.
The protestant, the married daughter of the decedent who was left $1.00 by the will, filed her caveat and objections to the probate of the will. She filed her answer and defenses on December 6, 1968, and that same month the court heard the testimony of the petitioner, the protestant and her mother, the witness W. W. Cooper, and another party. The testimony of Barbara Shiver and F. V. Richardson was taken by deposition.
In reaching its decision the County Judge’s Court of Franklin County considered the testimony, the depositions, and the Commissioner’s return and proof of the will in their entirety by stipulation of counsel, and entered the order admitting the will to probate. This appeal followed.
In a proceeding of this kind the County Judge’s Court of Franklin County sat as the trier of the facts, and this appellate court lacks the authority to retry this case and substitute its judgment as to the facts for that of the said County Judge’s Court. Our only duty here is to ascertain whether there is sufficient, substantial, competent evidence before the court from which that court could reasonably conclude that the deceased executed his will in accordance with the statutory requirements.
In this posture of the case on appeal, it is not our function to weigh the evidence or determine the credibility of the witnesses, but only to ascertain from the record whether there is sufficient, substantial, competent evidence to support the court’s findings of fact.
Our examination of the record before us shows that there exists such evidence, although, admittedly, much of that evidence and the inferences therefrom are often contradictory and uncertain, but such conflicts have, of course, been resolved by the findings of the County Judge’s Court.
This confusion and uncertainty presumably arose out of the fact that the deceased executed his will in a small independent service station in Eastpoint, Florida, > consisting of one room approximately 6 by 8 feet in size. The witness F. V. Richardson was the operator of the station and testified that the deceased brought to him the will, told him it was his will, signed it, and said he wanted the will witnessed; that he, Richardson, in the presence of the decedent, asked Barbara Shiver, .a customer, to witness the will, and she signed the will as a witness in the presence of Richardson and the decedent; that Richardson immediately signed the will as a witness and asked W. W. Cooper also to sign as a witness ; that .all of this time the decedent was standing very close to the will and the witnesses, watching each of them sign the will, and heard Richardson ask each of the other witnesses to sign; that after Cooper, the last witness, had attested the will, the decedent told him that this was “just something to see that the right party got his property or estate” and Cooper understood that the document they were signing was a will.
The office where the will was signed had glass walls, with room inside for only one or two persons. While the witnesses were signing the will, the decedent was standing in the doorway so that he could see each of them sign the will. The witnesses Barbara Shiver and F. V. Richardson signed the will in the presence of the decedent and each other.
The foregoing statement of the evidence represents essentially the evidence as marshalled in the appellee’s brief, which we think is the evidence in the record that supports the County Judge’s findings of fact in the order appealed from.
On her part, the appellant in her brief marshals the evidence in the record that would lead to the opposite conclusion. But this effort is to no avail, because in the posture of this appeal our sole function as the reviewing court is to determine, as we stated above, whether there is sufficient, substantial, competent evidence in the rec *251 ord.to support the factual findings of the County Judge as the trier of the facts, We hold that there is such evidence that supports the finding in the order appealed from that the decedent’s will was executed and attested in substantial compliance with the statutory requirements.
Therefore, the said order should be, and it is
Affirmed.
WIGGINTON and SPECTOR, JJ-, concur.