341 So.2d 278 (1977)
In re ESTATE OF Frank KAVCIC.
Myrtle T. JONES, Appellant,
v.
Jean P. HENDRICKSON and Julia P. Love, Appellees.
No. AA-439.
District Court of Appeal of Florida, First District.
January 14, 1977.
*279 William L. Ross, Jr., New Smyrna Beach, for appellant.
J. Boyd DeLoach, New Smyrna Beach, for appellees.
SMITH, Judge.
A will contest. The testator signed his will in the presence of two witnesses, who then signed it in the presence of each other but not in the presence of the testator. For that reason probate was revoked at the instance of heirs at law, and the putative executrix and legatee appeals. The will purports to dispose of both realty and personalty. The testator died April 8, 1975, so the parties' rights are to be determined under statutes then effective, without regard for subsequently effective amendments to the Florida Probate Code. Ch. 74-106, § 4, ch. 75-220, § 2, Laws of Florida.
Cautious practitioners are accustomed to requiring that attesting witnesses sign the will in the presence of the testator. That formality is now explicitly required by the terms of Section 732.502(1), Florida Statutes (1975), effective January 1, 1976.[1] Florida statutes never previously imposed such a formality for wills of personalty. Not since 1933 had a statute made such an explicit requirement for wills affecting realty. The Probate Act of 1933, effective at the testator's death in this case, provided:
"Every will, other than a nuncupative will, must be in writing and must be executed as follows:
* * * * * *
"(2) The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will or cause his name to be signed as aforesaid or acknowledge his signature thereto." Ch. 16103, § 8, Laws of Florida (1933), § 731.07(2), Florida Statutes (1973).
Before their repeal by the 1933 Probate Act, statutes had provided since 1828:
"Every last will and testament disposing of real estate shall be signed by the testator, or by some other person in his presence, and by his expressed directions, and shall be attested and subscribed in the presence of the said testator by two or more witnesses, or else it shall be utterly void and of non-effect." Sec. 5460, C.G.L. 1927 (emphasis added).
"All wills of personal property shall be in writing, and signed by the testator or some other person in his presence, and by his express direction." Sec. 5462, C.G.L. 1927.
Wills satisfying formalities required of wills of personalty, but not satisfying formalities required of wills of realty, were given effect to bequeath personalty but not to devise realty. Brown v. Avery, 63 Fla. 355, 58 So. 34 (1912).
In this case, after watching the testator sign his intended will, the witnesses went to *280 another place and, on the same day, signed the will in the presence of each other. The next day, one of them returned the will in a sealed envelope to the testator, who did not open the envelope but asked the witness to keep the will for him. The circuit court in probate held that section 731.07(2), Florida Statutes (1973), above quoted, must be read in conjunction with Section 731.03(16) and 731.071, Florida Statutes (1973), and that, taken together, the statutes in effect in April 1975 required attesting witnesses to subscribe in the presence of the testator.
Section 731.03(16), Florida Statutes (1973), was enacted in 1955 to provide:
"(16) The words `attesting witnesses' and the words `subscribing witnesses' as used in these statutes shall have the same meaning, and no witness shall be considered an attesting witness or a subscribing witness to a will unless he actually signs his name to such will." Ch. 29925, Laws of Florida (1955).
The 1955 legislation confirmed the holding in In Re Watkins' Estate, 75 So.2d 194 (Fla. 1954), that a witness who watched the testator sign but then refused to sign himself was not an attesting witness within the meaning of Section 731.07(2).
Section 731.071, also relied on by the circuit court as coloring Section 731.07(2), was enacted in 1973 to provide for self-proof of wills. Chapter 73-8, Laws of Florida. It provided that a properly executed will may be made "self-proved at the time of its execution or at any subsequent date" by acknowledgment by the testator and affidavits by the witnesses, before an appropriate officer, that
"... the testator signed the instrument as his last will and that he signed voluntarily (or directed another to sign for him and did so voluntarily) and that each of the witnesses in the presence of the testator, at his request, and in the presence of each other signed the will as a witness and that to the best of the knowledge of each witness the testator was at that time eighteen or more years of age, of sound mind and under no constraint or undue influence." (Emphasis added.)
No Florida precedent controls the decision in this case. The Supreme Court's Watkins decision did not hold an attesting witness who subscribes a will must do so in the testator's presence. Allusions to a witness subscribing or not subscribing in the testator's presence appear in Vignes v. Weiskopf, 42 So.2d 84 (Fla. 1949) and Estate of Watson, 226 So.2d 249 (Fla. 1st DCA 1969), but that fact was not significant in either case. Circuit Judge R.H. Anderson held, in In Re Leo's Will, 12 Fla. Supp. 61 (Fla. Dade Co.Cir.Ct. 1958), that a will should be probated notwithstanding that the attesting witnesses did not subscribe their names until 24 hours after its execution, during which time the testator died. Judge Anderson held:
"It will be observed that our statute (section 731.07, Florida Statutes) does not expressly declare that the attesting witnesses shall sign in the presence of the testator, or indeed that they shall sign at any particular time. For aught that appears to the contrary the will might be perfectly valid if it were attested after the testator's death." 12 Fla. Supp. at 63.
We need not determine, as did Judge Anderson, whether subscription by witnesses after the testator's death comes too late to effectuate the will, for here the witnesses subscribed on the day the will was executed, and the testator held or had an opportunity to hold the completed will for several months before his death. Leo's Will was decided before enactment of Section 731.071, Florida Statutes (1973), relied on by the circuit judge here and by appellees as imparting new significance to Section 731.07(2).
A respected authority on Florida wills discusses attestation and subscription by witnesses as though there were no difference between the Probate Act of 1933, Section 731.07(2), Florida Statutes (1973), and former Section 5460, C.G.L. 1927, which required witness subscription in the testator's presence, but only for wills disposing of real estate. Redfearn, Wills and Administration *281 of Estates in Florida § 7.08 (4th ed. 1968). And American Law Reports states categorically:
"Undoubtedly, to be effective the signing by the witnesses must occur in the testator's conscious presence." Annot., 75 A.L.R.2d 318, 325 (1961).
Several cases of other jurisdictions are cited in support of the annotator's statement, but without exception those jurisdictions had statutes explicitly requiring attesting witnesses to subscribe the will in the presence of the testator. E.g., In Re Dow's Estate, 181 Cal. 106, 183 P. 794 (1919); In Re Offill's Estate, 96 Cal. App. 640, 274 P. 623 (1929); Griffith's Executor v. Griffith, 44 Ky. (5 B. Mon.) 511 (1845); Mendell v. Dunbar, 169 Mass. 74, 47 N.E. 402 (1897); Spratt v. Spratt, 76 Mich. 384, 43 N.W. 627 (1889); Walker v. Walker, 67 Miss. 529, 7 So. 491 (1890); Tucker v. Sandidge, 85 Va. 546, 8 S.E. 650 (1888); Chappell v. Trent, 90 Va. 849, 19 S.E. 314 (1893); McMechen v. McMechen, 17 W. Va. 683, 41 Am.Rep. 682 (1881) (semble), and see also W. Va. Code 1868, ch. 77, § 3, and 12 W. Va. Code Ann. § 41-1-3 (1966); Thornton v. Hulme, 218 Ga. 480, 128 S.E.2d 744 (1962); Nichols v. Rowan, 422 S.W.2d 21 (Tex.Civ.App. 1967); and In Re Holden's Estate, 261 Minn. 527, 113 N.W.2d 87 (1962). In none of those decisions was a statute such as Florida's Section 731.07(2), Florida Statutes (1973), or the common law held to require subscription of wills by witnesses in the testator's presence. Indeed, the decisions varied with the particular requirements of the statute applicable. See e.g., the Kentucky Supreme Court's decision in Griffith's Executor, supra, holding the Kentucky statute was satisfied when attesting witnesses subscribed in the testator's presence although they were not present when he executed the will.
The Statute of Frauds in effect in England in 1776 required attesting witnesses to subscribe the will in the presence of the testator if the will was to effect passage of title to realty. But it remained for The Wills Act of 1837 (1 Vict. c. 26) to generally require of all wills that the testator make or acknowledge his signature "in the presence of two or more witnesses present at the same time, and such witnesses shall attest and shall subscribe the will in the presence of the testator... ." 3 Jarman on Wills 2078, 2083 (8th ed. 1951).[2] Thus, excepting only the 1828 Florida statute pertaining to wills of real estate, which was carried forward until 1933 as Section 5460, C.G.L. 1927, nothing in the common law or statutes of Florida until 1976 explicitly required attesting witnesses to subscribe in the presence of the testator. Indeed, until the Probate Act of 1933, witnesses to wills bequeathing personalty were not required at all. See Hays v. Ernst, 32 Fla. 18, 21-22, 13 So. 451, 452 (1893):
"[T]he common-law rule controlled the execution of wills concerning personal property, and, according to this, such wills, when written, required no witness to their execution."
See also 2 Page on Law of Wills § 19.73 at 169 (Bowe-Parker rev. 1960).
Against this background we consider whether the Probate Act of 1933, Section 731.07(2), Florida Statutes (1973), of its own effect or by implication from the later-enacted Sections 731.03(16) and 731.071, required attesting witnesses to subscribe in the presence of the testator. Plainly, we think, the 1933 Probate Act did not have that purpose. To the contrary, its repeal of that formality in the execution of wills of realty, Section 5460, C.G.L. 1927, indicated a purpose to remove rather than to impose rigid formalities for the making of wills. Neither can it be assumed that the 1955 Legislature intended to add that formality to Section 731.07(2) by enacting Section 731.03(16), which merely required, as did Watkins' Estate, that witnesses indicate their attestation by subscribing. While under Florida law a witness cannot attest to *282 the testator's signing unless he was "present at the same time," the 1955 amendment did not itself require, and cannot be deemed as amending Section 731.07(2) to require, that witness subscription take place "at the same time" as execution by the testator.
Nor did the 1973 enactment of the "self-proof of will" statute, Section 731.071, Florida Statutes (1973), inferentially amend the law prescribing formalities for the execution of wills. The self-proof statute prescribes an alternative method of proving the authenticity of a will when, following the testator's death, it is offered into probate. Unless the tail is to wag the dog, statutes concerning methods of proving a will should not be construed as adding formalities for its execution, as to which other proof may be offered of the essential statutory elements. See Hays, supra, 32 Fla. at 24, 13 So. at 453. If we are to attribute a common misimpression to an entire legislative body, perhaps we may indulge the speculation that its members assumed, as did others,[3] that Section 731.071 merely provided a simple method of proving adherence to formalities already required by Section 731.07(2); but the commonality of the supposed misconception does not change the facts. We may as properly assume that the 1973 Legislature, offering an easy method of proving wills at probate, intended to require more direct proof of the witnesses' attestation, presence and signatures when they subscribed the will after leaving the testator.
We therefore hold that Section 731.07(2), Florida Statutes (1973), unamended until after the death of the testator in this case, did not invalidate a will which was subscribed out of the testator's presence by attesting witnesses who were present at the time of its execution. The law has now been changed to require the formality contended for by appellees. Section 732.502(1), Florida Statutes (1975). If before 1975 the legislature thought it necessary to write a precise recipe for the making of testaments, either for the protection of testators or for the convenience of courts in ascertaining the authenticity of wills, the legislature could of course have done so. But we should not by intendment create formalities unknown to the common law which are not explicitly required by legislation.
Appellees' attack on the will included other grounds not disposed of by the trial judge. The order revoking probate will be reversed and the case remanded for further proceedings consistent with our decision.
REVERSED.
BOYER, C.J., and MILLS, J., concur.
NOTES
[1] "Every will must be in writing and executed as follows:

"(1) The testator must sign his will at the end or acknowledge his signature to it, or some other person in his presence and by his direction must subscribe the testator's name to it. The execution or acknowledgment must be in the presence of at least two attesting witnesses who must sign in the presence of each other and in the presence of the testator" (emphasis added).
[2] "The design of the Legislature, in making this requisition, evidently was, that the testator might have ocular evidence of the identity of the instrument subscribed by the witnesses; and this design has been kept in view by the Courts in fixing the signification of the word `presence'." 1 Jarman, supra, at 138.
[3] See Judge Anderson's opinion in Leo's Will, 12 Fla. Supp. at 63.