J. R. SQUIRES v. CITRUS·FRUIT PRODUCTS, INC.

191 So. 455
Division A
Opinion Filed October 13, 1939
Rehearing Denied October 30, 1939

*E. W. & R. C. Davis,* for Plaintiff in Error;
*Akerman & Dial,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment on directed verdict in favor of plaintiff in a suit wherein was filed a declaration in eight counts. The second to

eighth, inclusive, are common counts. The first count is as follows:

"1. That heretofore, to-wit: on the 13th day of April, 1937, the defendant, J. R. Squires, in writing sold and conveyed to the plaintiff and the plaintiff bought of the defendant his entire crop of oranges, grapefruits and tangerines located on the grove of the defendant situated near the City of Orlando, Florida, blooming in the year 1937, and merchantable at the time of picking for an agreed purchase price of One Dollar and Fifty Cents ($1.50) for all oranges, One Dollar ($1.00) for all grapefruit, and One Dollar Fifty Cents ($1.50) for all tangerines, fruit to be paid for as gathered. All fruit that would meet the maturity test to be picked by December 15, 1937. At the time of the execution of said contract of sale; Plaintiff paid to the defendant the sum of Two Thousand Dollars ($2,000.00) to apply on the purchase price of said fruit and to be deducted as fruit was picked under the contract as will more fully appear from a reading of said contract, the copy of which is hereto attached, marked Exhibit 'A' and by reference incorporated in and made a part hereof as fully and to the same extent as if herein set out *in haec verba;* and plaintiff further says that on or about the 14th day of December, 1937, the plaintiff, through its officers and agents, in the performance of said contract went upon the grove of the defendant and picked four hundred (400) field boxes of merchantable fruit, more or less, from said grove, loaded said fruit upon a truck in the grove of the defendant, at which time the defendant refused to allow the driver of said truck to move said fruit from the grove. Although the defendant under said contract, as above set forth, was at the time indebted to the plaintiff, and is still indebted to the plaintiff under the advance, as above set forth, in an amount of Fourteen Hundred Forty-six Dol-

lars and Fifthy Cents ($1,446.50), wherefore, said driver of the truck was forced to unload said truck and leave the fruit in the grove, and although requested by officers and agents of the Company, the defendant refused to allow said fruit to be moved, and your plaintiff alleges that the actions of the defendant in refusing to allow the plaintiff to remove said fruit from the grove constitute a breach of the contract, as above set forth, and the defendant is indebted to the plaintiff in the sum of Fourteen Hundred Forty-six Dollars and Fifty Cents ($1,446.50)."

Numerous pleas were filed but it is not necessary to discuss them.

The right of the plaintiff to recover depends entirely on the construction of the fruit sales contract and especially on that language of the contract, as follows:

"That the Grower does hereby sell and convey to the buyer his entire crop of oranges, grapefruit and tangerines blooming in the year 1937 and merchantable at the time of picking on one grove, located at Orlando, which crop the Grower hereby represents and warrants self to be the owner and to be free and clear of all encumbrances, on the following terms:

"Oranges 1.50 per well filled field box on the trees

"Grapefruit 1.00 per well filled field box on the trees

"Tangerines 1.50 per well filled field box on the trees

"Fruit to be paid for as gathered.

"Said Grower hereby acknowledged receipt of Two Thousand and no/100 Dollars ($2,000.00) to apply on the purchase price of said fruit and to be deducted as fruit is picked under this contract. Should the fruit not be taken by the Buyer, the amount receipted for hereby shall be forfeited to the Grower as his sole liquidated damage hereunder."

The Court below construed this language to mean that

the $2,000.00 was to be applied to the purchase price of the fruit as the same should be taken from the grove until the value of the fruit taken at the prices named should equal the sum of $2,000.00. In other words, the $2,000.00 should be applied to the payment in full for the first $2,000.00 worth of fruit picked.

This appears to be the clear and unambiguous meaning of the language used.

If it had been intended that the $2,000.00 should apply pro rata on each box of fruit as picked, the use of some other language in the contract would have been required. There is no language in the contract which can be construed as a basis for any determination of a prorata of the $2,000.00 to be deducted from the price of each box of fruit as picked but under the terms of the contract the entire $2,000.00 was to be deducted "as fruit is picked under this contract."

It was not in this respect a favorable contract for the Grower but it was the contract he made and it must stand as made between the parties.

Judgment affirmed.

TERRELL, C. J., WHITFIELD, and CHAPMAN, J. J., concur.

THOMAS, J., disqualified.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.