Mary C. MORRIS, Appellant,

v.

CAPITOL FURNITURE & APPLIANCE
CO., Inc., Appellee.

No. 5621.

District of Columbia Court of Appeals.

Argued April 21, 1971.

Decided Aug. 16, 1971.

Roger C. Wolf, Tucson, Ariz., for appellant.

David S. Greene, Washington, D. C., for appellee. Stanley H. Kamerow, Washington, D. C., also entered an appearance for appellee.

John J. Ross, Robert J. Elliott, Washington, D. C., and Peter W. Tredick, Newark, N. J., filed a brief as amicus curiae for appellee.

Before HOOD, Chief Judge, and FICK-LING and PAIR, Associate Judges.

PAIR, Associate Judge:

Appellee filed a suit against appellant for $406 representing the balance due for household effects purchased under a conditional sales contract. By her amended answer, appellant alleged that the goods were grossly overpriced; that she had already paid their fair market value; and that the contract terms were so unconscionable as to entitle her to a setoff of the balance of the purchase price.

It appearing that there was no genuine issue as to any material fact, the parties filed cross-motions for summary judgment; appellant urging, in addition to her claim of "unconscionability," that the sales price plus the credit charge for the goods constituted a usurious loan and forbearance within the purview of this court's decision in Lee v. Household Finance Corp., D.C. App., 263 A.2d 635 (1970).

After a hearing, the trial court entered judgment for appellee, concluding as a

matter of law that the contract was neither "unconscionable" nor did it constitute a usurious loan. This appeal followed.

The issues raised on this appeal are whether (1) the contract terms are unconscionable and (2) the contract was a time sale transaction or a loan and forbearance at usurious interest.

The cash price of the household goods [1] was $594.85. The sales tax was $17.85. The contract provided that if appellant elected not to pay the cash price she would be required to pay, in addition, a "credit charge" of $219.30. Thus the total price of the goods under the alternative agreement, including the sales tax, was $832.00, payable over a two-year period in weekly installments of $12.00. In answer to interrogatories submitted by appellant, appellee stated that the goods in question were purchased at a cost to it of $234.35.[2]

Relying upon Williams v. Walker-Thomas Furniture Co., 121 U.S.App.D.C. 315, 350 F.2d 445 (1965), appellant urges that because the sales price ($594.85) represents a markup of more than 100%, the contract was "unconscionable" and under the laws of this jurisdiction unenforceable.[3]

This court has held, consistent with Williams v. Walker-Thomas Furniture Co., *supra,* that the absence of a meaningful choice on the part of the parties to a contractual arrangement, plus contract terms which are unreasonably favorable to the other party, must be proven in order to sustain the defense of "unconscionability." Diamond Housing Corp. v. Robinson, D.C. App., 257 A.2d 492 (1969).

In a more recent case involving an "unconscionable" contract claim, we said:

[E]xcessive price-value may comprise one element of unconscionability * * *.

However,

[s]ufficient facts surrounding the "commercial setting, purpose and effect" of a contract at the time it was made should be alleged so that the court may form a judgment as to the existence of a valid claim of unconscionability * * * [Patterson v. Walker-Thomas Furniture Co., D.C.App., 277 A.2d 111, 114 (1971).]

Here the trial court, in its opinion and order dated October 26, 1970, stated specifically that:

Since this contract was a new and independent one, defendant was free to indulge in comparative shopping. Consequently, an essential element of unconscionability, that is, "[t]he absence of meaningful choice" was not present in the instant case. * * *

Although afforded a reasonable opportunity to do so, the defendant has not presented this court with evidence as to the commercial setting, purpose and effect of this contract which would lead the court to a finding of unconscionability.

■ There is ample support in the record for the trial court's findings on the issue of unconscionability. We hold therefore that the court did not err in its conclusion of law on this point.

■ Appellant contends next, as she did at trial, that the arrangement whereby she obligated herself to pay, over an extended period, a total of $832.00 for merchandise available to her at a cash price of $594.85, constituted a usurious loan and forbear-

---

1. Bed, chest, dresser, box springs, mattress and a fan.

2. This price did not include freight, delivery, commissions, inventory and other overhead costs.

3. D.C.Code 1967, § 28:2–302. Unconscionable contract or clause.
   (1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
   (2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

ance within the purview of Lee v. Household Finance Corp., *supra*. Appellant relies upon so much of the trial court's opinion and order as reads:

> Over a two-year period, $219.00 is the credit charge for $612.70 [sic], amounting to 35.7924 or 35⅘% interest. This is 17.9% *interest* for a one-year period and thus within the 18% limit permitted by the law of the jurisdiction. [Emphasis added.]

The trial court's characterization of the credit charge as "interest" is, under the circumstances, difficult to understand. However, the court's choice of language is not controlling (Securities and Exchange Comm. v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943) ), and, without more, does not require a ruling that the credit charge was a mere device to cloak a charge of usurious interest.[4]

■ The transaction in this case falls squarely within the guide lines of the traditional time-price sale. The rule is well established that a bona fide sale of property on credit at a price which exceeds the cash price by more than the legal rate of interest does not constitute usury, since the seller is privileged to fix one price for cash and another for credit. Hogg v. Ruffner, 1 Black 115, 66 U.S. 115, 17 L.Ed. 38 (1861); Daniel v. First Nat. Bank, 227 F.2d 353 (5th Cir. 1955); 45 Am.Jur.2d Interest and Usury § 123 (1969); Annot., 14 A.L.R.3d 1077–82 (1967). Thus, in District of Columbia v. Hamilton Nat. Bank, D.C.Mun.App., 76 A.2d 60 (1950), we held at 67 as we do in this case:

[T]hat "the sale at a *Time Price* to the original purchaser, under a conditional sale agreement providing for monthly installments and including charges for * * * financing and other related services for the privilege of buying on time rather than by cash, is not violative of the usury statute." * * *

*Cf.* Beatty v. Franklin Investment Co., 115 U.S.App.D.C. 311, 314, 319 F.2d 712, 715 (1963); Brooks v. Auto Wholesalers, D.C. Mun.App., 101 A.2d 255 (1953); Lincoln Loan Service v. Motor Credit Co., D.C. Mun.App., 83 A.2d 230 (1951).

Because appellant does not allege that she was induced by fraud, duress or coercion or that she had no meaningful choice when she entered into the contract, we must assume that she elected not to pay the cash price and, preferring additional time to pay for the merchandise, intelligently agreed to pay the $219 credit charge.

Appellant urges vigorously that this court abandon the time-price doctrine and hold, on the authority of State v. J. C. Penney Co., 48 Wis.2d 125, 179 N.W.2d 641 (1970), that the credit charge was, in fact, interest. In that case the Supreme Court of Wisconsin held that the 1½% monthly service charge on a revolving charge account was usurious. However provocative may be that decision and appellant's insistence that we should apply its reasoning to the factual situation in this case, we are not persuaded that the doctrine of District of Columbia v. Hamilton Nat. Bank, *supra,* and the cases which followed it, should be disturbed.

Affirmed.

---

4. D.C.Code, 1967
§ 28–3301. Rate of interest expressed in contract.
The parties to an *instrument in writing* for the payment of money at a future time may contract therein for the payment of interest on the principal amount thereof at any rate not *exceeding 8 percent* per annum. (Aug. 30, 1964, 78 Stat. 675, Pub.L. 88–509, § 1, eff. Jan. 1, 1965.)
§ 28–3303. Usury defined.

If a person or corporation contracts in the District.
(1) verbally, to pay a greater rate than 6 percent per annum, or
(2) in writing, to pay a greater rate than 8 percent per annum, the creditor shall forfeit the whole of the interest so contracted to be received.
This section does not affect sections 26–601 to 26–611. (Aug. 30, 1964, 78 Stat. 675, Pub.L. 88–509, § 1, eff. Jan. 1, 1965.) [Emphasis added.]