JOHNSON, Judge.
This is an appeal from an order of the county judge of Duval County, Florida, denying admission to probate an alleged will of Jennie H. J. Tomlinson, deceased.
It appears that Mrs. Tomlinson was about an 86 year old widow who lived by herself. She died April 20, 1965. Her surviving heir was a daughter, Louise Merry, who lived in California. For about six months prior to the death of Mrs. Tomlinson, the appellant, Nona K. Spann and her husband, James Lamar Spann began assisting Mrs. Tomlinson in running errands for her, giving her insulin shots and preparing some meals. On April 1, 1965, Mr. and Mrs. Spann moved into a house owned by Mrs. Tomlinson which adjoined Mrs. Tomlinson’s home place. Some time between April 1 and April 10, 1965, the deceased called the office of Mr. Robert E. Hucker, her attorney and requested him to prepare her a Will. A few days thereafter, the Spanns took some penciled notes they had made which purported to be desired provisions of the deceased’s will. The will was prepared and either the Spanns picked it up at the lawyer’s office or he mailed it to the deceased, the record is not clear on this point. On April 10, 1965, ten days before the death of Mrs. Tomlinson, she called Mrs. Marie F. Sanders, a friend, and told her she needed three witnesses to a paper. Mrs. Sanders agreed to be a witness and said she' would get her neighbors, Mr. and Mrs. Huntsinger to be the other two witnesses. The Spanns took Mrs. Tomlinson in their car, picked up Mrs. Sanders and drove to the Huntsingers’ home. The Huntsingers did not know Mrs. Tomlinson nor the Spanns. In fact, it appears that Mrs. Tomlinson never did even speak to the Huntsingers. Mrs. Spann just brought out a paper so folded that only three signature lines were visible. Mrs. Sanders and the Huntsingers signed on the lines indicated, not knowing what they were signing. They could not even see the signature of Mrs. Tomlinson. Definitely, there was no expression from Mrs. Tomlinson as to what the “paper” was, nor any request by her to the Huntsingers to witness her signature.
After the death of Mrs. Tomlinson on April 20 and before her burial, Mrs. Spann had filed her petition to probate the alleged Will of April 10, 1965. This was objected to and an extension of time requested by the appellee, Mrs. Merry, because of the rush of things, coming from California, burying her mother, etc. The court granted such extension, which is complained of by the appellant as one of her points on appeal. Finally, on May 11, 1965, the court took the testimony of the three witnesses, from which was elicited the facts related supra.
After the hearing on May 11, the attorney for appellant admitted that the three witnesses had failed to sustain proper proof of the Will and attempted to have Mr. and Mrs. Spann testify as to the execution of the Will. The court permitted filing of briefs on the question of admissibility of this testimony and finally refused to permit the Spanns to testify. This is also a point raised by the appellant as error. On July 9, 1965, the probate court entered its order denying the petition for probate of the alleged Will. This is the order appealed.
 Appellant’s first point is whether or not the probate court erred in granting an oral request made by appellee for a continuance of the hearing on petition for probate of the Will. This was entirely a discretionary matter with the court and so long as a reasonable time of postponement was made, as here, there was no. error.
Appellant’s point two is also without merit. Again it was a discretionary matter and we do not find any abuse of such discretion. The only point raised by appellant which we think needs any serious attention *91 by this court is the point three of appellant — whether or not the court erred in •denying the probate of the alleged Will.
The court took the testimony of the three subscribing witnesses, each of whom testified that they did not know what they were witnessing; that the paper was so folded that only the three signature lines ■were visible; that the testatrix did not re•quest them to sign nor did she indicate that •said paper was her Last Will and Testament. There was some dispute as to whether the testatrix signed first or last. 'Two witnesses thought Mrs. Tomlinson was •drunk or in a stupor. The trial court grant■ed the appellee’s objection to the probate of •the Will by order dated July 9, 1965, which •is the order appealed.
Section 732.24, Florida Statutes, F.S.A., provides:
“(1) Last wills and testaments may be admitted to probate upon the oath of any attesting witness, taken before the county judge or before his clerk, or before a ■commissioner as provided in § 732.25.
“(2) When a will is offered for probate, if it appears to the court that the .attesting witnesses have gone to parts unknown or are dead or have after its execution become incompetent or their testimony cannot be obtained within a reasonable time, it may be admitted to pro'bate upon the oath, taken as above set forth, of the executor, whether he is interested in the estate or not, or of any person having no interest in the estate under the will, that he verily believes the writing exhibited to be the true last will and testament of the deceased.”
Volume 94, C.J.S. Wills § 187, p. 1011, ■provides:
“In general, it is imperative that the witnesses, at the time they attest, be informed in some way by the testator himself that the instrument he has subscribed is his will, and knowledge of this fact, derived from any other source or at any other time, will not suffice. Thus, the ascertainment by the subscribing witnesses of the testamentary nature of the paper must not be conjectural or derived from accidental inspection, and the testamentary declaration must be open, and manifest, and intentional * * * ”
The Florida Supreme Court is cited in In Re Lomineck’s Estate, 155 So.2d 561 (Fla.App. 1st. 1963) :
“Trotter v. Van Pelt, 144 Fla. 517, 198 So. 215, 131 A.L.R. 1018 (1940), holds that there is compliance with the law when the will is executed in the presence of two subscribing witnesses who at the testator’s request, in his presence and in the presence of each other, sign as such * * * »
The attorney for the appellant admitted in open court that on the testimony of the three attesting witnesses to the alleged Will it was not sufficient for appropriate proof of the alleged Will. This was set out in the court’s order denying probate.
The appellant claims error also on the fact that the probate court refused to permit the appellants-Spanns to testify as to the execution of the Will and attestation thereof by the three witnesses. We think the court was correct in refusing such testimony under authority of section 732.24(2), Florida Statutes, F.S.A., supra, inasmuch as the attesting witnesses were available and did in fact testify.
We conclude that the probate court was correct in its order denying probate of the alleged Will for lack of adequate proof of the execution of said Will.
Affirmed.
RAWLS, C. J., and STURGIS, J., concur.