275 So.2d 244 (1973)
In re ESTATE of John F. WEIHE, Deceased.
No. 43049.
Supreme Court of Florida.
March 21, 1973.
Jos. D. Farish, Jr., of Farish & Farish, West Palm Beach, and Ray C. Osborne, Boca Raton, for petitioners.
Sam D. Phillips, Jr., of Phillips & Babbitt, West Palm Beach, for respondents.
PER CURIAM.
We here consider petition for writ of certiorari to the District Court of Appeal, Fourth District, to review its decision in the case of In re Estate of Weihe, deceased, 268 So.2d 446.
Petitioners Roy W. Weihe and Beatrice Chiniquy were the contestants of John F. Weihe's 1965 will (executed September 24th that year) and his heirs at law. Roy W. Weihe is the decedent's only son and Beatrice Chiniquy his only daughter. John F. Weihe died on June 4, 1968 at the age of 85, leaving his property under his 1965 will to six charities, viz., Palm Beach Children's Home, Palm Glades Girl Scout Council, Tuberculosis and Respiratory Diseases Association of S.E. Fla., Inc., Salvation Army of West Palm Beach, Gulfstream Council of Boy Scouts of America, and Father Flanagan's Boys' Town.
Two wills were executed by John F. Weihe. The one in 1965 and the second in 1967. Palm Beach County Judge Paul T. Douglas admitted the 1965 will to probate on March 4, 1970, after refusing probate to Weihe's 1967 will. Later, Palm Beach County Judge Joseph Humphrey on June 10, 1971 entered an order revoking probate of Weihe's 1965 will. This left Weihe's estate to devolve intestate. However, the District Court reversed Judge Humphrey's revocation order by its decision here under review.
The legal propriety of revocation of the 1965 will is the issue here in conflict controversy. Judge Humphrey based his finding that Weihe lacked testamentary capacity to execute the will on the testimony of certain doctors and psychiatrists as well as on Weihe's neighbors, friends, and business associates who testified he lacked testamentary capacity in 1965 and thereafter to execute any will; and that this lack was not confined to periods when he was drunk, although *245 he did spend a large portion of his last years in a drunken state. They predicated their testimony on Weihe's hardening of the arteries and general mental incapacity.
Respondents (the six charities) relied on testimony of witnesses Charles Nugent, Virginia Montgomery, and Hugh Proctor to support Weihe's competency to execute the 1965 will. They had also testified Weihe had the mental capacity to execute the 1967 will which was refused probate by Judge Douglas. John T. Bollinger, the attorney who prepared Weihe's 1965 will, testified Weihe had sufficient testamentary capacity to execute it.
The order of County Judge Humphrey reads in part:
"The great weight of the testimony shows that the decedent at the time he executed said Will [of 9/24/65] lacked testamentary capacity... ."
On appeal of Respondents, the District Court of Appeal reversed. It said in part:
"We have examined with care the voluminous record in this case. Numerous witnesses testified presenting testimony both in support of and against Weihe's capabilities. Although the evidence was conflicting, we do not think it sufficient, as a whole, to prove lack of testamentary capacity... . Evaluating the testimony, we find conflicts regarding decedent's competency." (Emphasis supplied.)
The District Court detailed the evidence both for and against Weihe's testamentary capacity. Although agreeing it was in dispute, it discounted the testimony of witnesses against testamentary capacity by saying that "none of them specifically could state that Weihe was not lucid on the date the will was executed." The District Court rested its reversal primarily on the holding in Hamilton v. Morgan, 1927, 93 Fla. 311, 112 So. 80, and similar cases which agree that "ordinarily [conflicting evidence will] not be disturbed on appeal ...; yet where the probate judge misapprehended the legal effect of the evidence as an entirety, his finding will not be sustained merely because there is evidence that is contradicted, on which the finding may be predicated."
The Petitioners rely primarily for conflict on In Re Zimmerman's Estate, Fla. 1956, 84 So.2d 560, which is to the effect a probate judge may consider "beforehand" or "afterward" proof of a testator's mental behavior as to whether a will was made during a testator's lucid interval. There was evidence in both the instant case and in Zimmerman that the testators involved were suffering from arteriosclerosis over a period of years which could dethrone the reason altogether during such period rendering it unnecessary to disprove that the will could have been executed during a "lucid period."
The Petitioner also contends for conflict that the District Court engaged in a de novo review of the record and substituted its judgment for the probate judge and therefore conflicted with several cases to the effect this is improper, citing In Re Zimmerman's Estate, supra; In Re Estate of Winslow (DCA 2d) 147 So.2d 613; Parsons v. Reyes, Fla. 1970, 238 So.2d 561; Holman v. Ford Motor Co. (DCA 1st), 239 So.2d 40, and other cases.
The opinion of the District Court summarized the evidence concerning whether the testator had capacity to execute the 1965 will in sufficient detail to indicate to us there existed an apparent conflict with the rules of the cases cited just above. Upon this predicate we carefully read the reported evidence reflected in the transcript. We find that it was in fact conflicting. However, we find there is sufficient competent and substantial evidence to support the probate judge's finding that the will should not be admitted to probate. Moreover, we find the evidence against probation of the will is of sufficient *246 force, competency and relevancy not to warrant an appellate conclusion that Judge Humphrey misapprehended its legal effect.
For example, there was one witness, Mrs. Isabell Massa, who testified she lived across the street from the testator from 1962 through the latter part of September 1965. She deposed she saw him almost every day; that she observed he was confused, fuzzy in the mind  that he didn't bother to go to the bathroom but relieved himself in the yard. Mrs. Massa said she collected the testator's rent on his property and that she and other friends helped him manage his property because of his incapacity to do it. She also testified that he wasn't a charitable man and it was very unlikely that on his own he would have given his estate to the six legatees. She specifically said Weihe "knew nothing what was going on around him at the time"; that he did strange things  lived in the past. Similar testimony was given by a Mrs. Beatrice Swain who said she knew testator well enough through a business relationship in 1965 and even before then to feel that Weihe would not have been capable of understanding what was in a will. She testified that during such period she did not feel that Weihe was capable of making and signing personal checks. There was other lay testimony of similar vein from Mrs. Mary Elizabeth Towers, and others.
It is our view that the District Court erred in disturbing the finding of the probate judge that John F. Weihe lacked testamentary capacity to execute the 1965 will for the reasons and the case law citations hereinabove set forth.
The decision of the District Court is quashed with direction to reinstate the revocation order of the probate court.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.