REED, Chief Judge.
This is an appeal from an order of the county judge (now circuit judge) for Palm Beach County, Florida revoking the probate of the will of the late James D. G. Wognum.
The will of Mr. Wognum who died a resident of Palm Beach County, Florida on 7 March 1970 was admitted to probate by the county judge on 11 March 1970 on the basis of a Proof of Will signed by the attorney who prepared and witnessed the will. On 12 November 1970, however, the widow and daughter oj the deceased filed a petition to revoke probate. After evi-dentiary hearings thereon, the county judge entered an order on 30 May 1972 revoking probate on the ground that the will had not been executed by the decedent in the presence of “two attesting witnesses”. This appeal followed.
As closely as we can gather it from the briefs and record, the issue here is whether a will which was executed by a testator in the presence of three witnesses, each of whom saw testator sign the will and each of whom subscribed his name in the presence of each other and the testator, was executed in conformity with § 731.07(2), F.S.1971, F.S.A., where two of the three witnesses testified that they did not know the document they subscribed was a will.
The will in question is a three page document dated 24 February 1967. It is signed at the end of the dispositive and administrative provisions by the testator, James D. G. Wognum. Following Mr. Wognum’s signature is an attestation clause which reads as follows:
“SIGNED, sealed and declared by the said JAMES D. G. WOGNUM as and for his Last Will and Testament, in the presence of us, who at his request and in his presence, and in the presence of each other, have hereunto subscribed our names as witnesses thereto this 24th day of February, 1967.”
Following the attestation clause appears the signatures of three witnesses — Vera S. Hughes, Dorothy H. Geary, and Manley P. Caldwell, Jr., the attorney who prepared the will.
The attorney unequivocally testified that the will in question was signed by the testator in the presence of all three witnesses at Bethesda Memorial Hospital in Palm Beach County on 24 February 1967. According to the attorney, after the testator signed the will, he acknowledged the same to be his last will and testament and asked the three witnesses to sign, which they did in the presence of the testator and in the presence of each other. The other two witnesses testified that they recognized *68 their signatures on the will, but denied having any recall about the events surrounding the execution of the will and even denied knowing at the time the will was signed that the document in question was a will.[1]
The trial judge found that the attorney who prepared the will qualified as an “attesting” witness under the pertinent Florida statute, § 731.07, F.S.1971, F.S.A. The trial judge, however, concluded that the other two witnesses did not qualify as attesting witnesses under that statute, presumably because they testified that at the time they signed the will they did not know that the document was a will.[2]
The trial court apparently predicated its decision on the Florida Supreme Court opinion in In re Watkins Estate, Fla.1954, 75 So.2d 194. There the testator had executed a will in the presence of two persons, only one of whom signed the will as a witness. The question before the court was whether or not § 731.07(2) required that both witnesses actually sign the will. Although the pertinent portions of the statute simply required that the testator sign the will in the presence of “two attesting witnesses”, the court held that an attesting witness is one who not only sees the testator sign the will, but who also subscribes it as a zvitness. While this was the holding of the court, the opinion stated: (p. 197)
* * * * * *
“We conclude therefore that in framing the present wills statute the legislature intended that an ‘attesting witness’ to a will should be someone present at the request of the testator for the purpose of seeing that the will is executed by a legally competent testator as his free act and deed, and that such person must subscribe his own name to the instrument as testimony of the fact that all legal steps necessary to make the will a legal instrument have been taken by the testator.”. . .
We cannot believe the quoted provisions of the opinion were intended to suggest that an attesting witness, to be qualified as such under § 731.07(2), is required to do more than actually witness the testator’s signature and then sign the will as a witness.
*69 Section 731.07, F.S.1971 to the extent pertinent provides:
“731.07 Execution of wills
Every will, other than a nuncupative will, must be in writing and must be executed as follows:
* * * * * *
(2) The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will. .
This statute is modified by § 731.03(16) which was added to the probate code by the session of the legislature next following the publication of the opinion in In re Watkins Estate, supra. Section 731.03(16), F. S.1971, F.S.A., provides:
“731.03 Definitions
* * * * * *
(16) The words ‘attesting witnesses’ and the words ‘subscribing witnesses’ as used in these statutes shall have the same meaning, and no witness shall be considered an attesting witness or a subscribing witness to a will unless he actually signs his name to such will.”
In our view, § 731.03(16) which was enacted by the legislature as Chapter 2992S, Laws 19S5, was intended to eliminate any question which might have been engendered by the above-quoted language from In re Watkins Estate and permits no other conclusion than that an “attesting” witness, for purposes of § 731.07 may be one who simply witnesses the signing of the will by the testator and thereafter subscribes the will as evidence of the fact that he witnessed the testator’s signature. While it may be good form in some instances for a witness to explore with the testator the latter’s testamentary capacity, the nature of the document, and its voluntary character, such in our opinion is not essential to qualify one as an attesting witness under § 731.-07. The legislature has not seen fit to impose such requirements on one who would serve as a witness to a will, and in our judgment it would be unwise to do so by judicial opinion because such would inevitably lead to the destruction of wills, to say nothing of the reasonable expectations of one’s testamentary beneficiaries.
The order appealed from is vacated and the cause is remanded for further proceedings.
WALDEN and OWEN, JJ., concur.

. Whether or not Hughes and Geary meant by their testimony that at the time they signed the will as witnesses thereto they did not then know the document was a will is a matter subject to some conjecture. Mrs. Geary whose testimony was presented by deposition made the following response to the following leading question :
“Q. You don’t even know what this document was that you signed?
A. No.”
Mrs. Hughes, who appeared at the final hearing, testified unresponsively as follows :
“The Court: I assume that you have witnessed other documents in the hospital from time to time?
The witness: Yes. I don’t know what they were, just like I don’t know what this was.”
On the foregoing evidence the trial court found that the lay witnesses did not know that the document in question was a will at the time they signed it. These same witnesses, however, denied recalling any other events with respect to the execution of the will. They were specifically asked whether or not they would deny that the signing of the will took place in the manner recited in the attestation clause of the will and each replied in the negative. It is, therefore, entirely possible that the witnesses simply meant to state not that at the time they signed the will they did not know the document was a will, but that at the time of their testimony they did not recall the nature of the document. Be this as it may, the trial court made its finding, and for purposes of this decision, we will accept the same.

. We have not overlooked the trial court’s finding that Mrs. Hughes and Mrs. Geary, . . . “witnessed nothing insofar as the acts of the testator are concerned. They did not see the testator sign the will; . . . and the testator did not acknowledge to them that it was his signature . . . ”. This finding, however, is not, in our judgment, supported by any evidence and does not appear to have been the basis for the trial judge’s conclusion that Hughes and Geary did not qualify as “attesting” witnesses.