291 So.2d 29 (1974)
In re ESTATE OF Mary H. BEAKES, Deceased.
No. 73-519.
District Court of Appeal of Florida, Third District.
February 5, 1974.
Rehearing Denied March 25, 1974.
*30 Carl H. Hoffman, Miami, for appellant.
Hansford D. Tyler, Jr. and David D. Phillips, Dorsey F. Henderson, Jr., Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant, Richard G. Taylor, as executor of the estate of Mary H. Beakes, has appealed an order of the trial judge which revoked the probate of an instrument previously admitted to probate as the last will and testament of Mary H. Beakes. The trial judge has written an extensive and comprehensive opinion containing definite findings and conclusions which has been of great assistance to us in considering this case. The specific finding which is appealed is as follows:
* * * * * *
"I find that the execution of the Will under the circumstances herein was not in accordance with the statutory requirements and decisional law for the reasons hereinabove stated and the Will, consequently, is not entitled to probate."
* * * * * *
In a separate finding, the judge held that petitioner's contentions that the deceased lacked testamentary capacity at the time of the making of the alleged will, and that undue influence had been exercised by the sole beneficiary under the will, were not proved. The appellee has cross-assigned error upon the finding that the will was not procured through undue influence. We reverse the finding that the execution of the will was insufficient under the recent case of In re Estate of Wognum, Fla.App. 1973, 279 So.2d 66. It should be noted that this opinion was not available to the trial judge at the time of the entry of his opinion in this cause. We affirm the finding that undue influence was not established.
The trial judge has set forth the facts as follows:
"Testatrix summoned her attorney, Richard G. Taylor, to come to her nursing home quarters for the purpose of getting instructions to prepare a new Will. This conference occurred on or about August 21, 1972, within a week of the death of her son whom she had depended on in later years for management of her affairs. Attorney Taylor prepared the Will in accordance with instructions given him by the testatrix and returned the next day, August 22, 1972, for the purpose of executing the Will. He discussed the Will with testatrix and, then, the two attesting witnesses, Delores Moss, a nurse in the home, and Arthur T[a]rr[e]n, Assistant Administrator of the establishment, were called in to witness the execution of the instrument. Because of physical infirmity to her hands it was extremely difficult for testatrix to physically sign her name and, therefore, both witnesses observed attorney Taylor actually sign `Mary H. Beakes' in the appropriate place on the Will after getting a nodding assent from testatrix. The two witnesses proceeded to sign their names as witnesses. Neither witness was told that this instrument was the Last Will and Testament of the deceased and neither took the time or trouble to read the attestation clause or inquire as to the nature of the instrument. Nurse Moss thought the paper *31 was giving Loretta (Graves) [beneficiary] the right to handle Mary's (testatrix) financial affairs. Witness Tarren thought it was a `power of attorney'. There was no attempt to prevent the witnesses from determining what the instrument was. Tarren admitted he was careless in not apprising himself of what he was witnessing and though he signed the customary oath of witness to Will at the courthouse on October 12, 1972, after the death of testatrix, he still was not cognizant that the instrument he witnesse[d] was a Will."
Upon these facts, the trial judge found that the execution was not sufficient. He relied largely upon the opinion reported in the case of In re Estate of Tomlinson, Fla.App. 1966, 186 So.2d 89. The trial judge recognized that the Tomlinson opinion was not exactly on point; nevertheless, he stated that it contained language indicating a holding that it was necessary for attesting witnesses to know that the instrument they were witnessing was in fact the last will and testament of the person signing it. In the Wognum case, supra, the point presented to the trial judge has now been directly decided. In Wognum, the court referred to In re Estate of Watkins, Fla. 1954, 75 So.2d 194, a decision of the Supreme Court of Florida, and stated:
"We cannot believe the quoted provisions of the [Watkins] opinion were intended to suggest that an attesting witness, to be qualified as such under § 731.07(2), is required to do more than actually witness the testator's signature and then sign the will as a witness."
This statement is followed by a careful analysis of the pertinent Florida statutory provisions, and we agree with the conclusion reached by our sister court that § 731.03(16) does not contain a requirement that the attesting witness must know that the instrument he or she witnesses is the will of the person signing the instrument.
We have examined the record in the light of appellee's cross-assignment of error and find that the evidence offered in support of the allegation of undue influence falls far short of the standard set forth in In re Estate of Carpenter, Fla. 1971, 253 So.2d 697. Therefore, we find no merit in the cross-assignment of error.
The order granting petition for revocation of probate is reversed and the cause is remanded with directions to deny the petition and to conduct appropriate further proceedings in the cause.
Reversed and remanded with directions.