305 So.2d 46 (1974)
In re ESTATE OF Floretta VAN HORNE, Deceased.
Walter SHIKANY, Appellant,
v.
John C. VAN HORNE and Richard Longabaugh, Appellees.
No. 73-1398.
District Court of Appeal of Florida, Third District.
September 24, 1974.
Rehearing Denied January 10, 1975.
John L. Harnett, Coral Gables, for appellant.
*47 Shutts & Bowen and Phillip G. Newcomm, Miami, Jonathon H. Hancock, Sebring, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant, Walter Shikany, was a co-executor and a beneficiary of the estate of Floretta Van Horne. The appellees are John C. Van Horne and Richard Longabaugh, who are also beneficiaries of the estate. Walter Shikany appeals an adverse order on petition for revocation of an order admitting codicils to probate. He urges reversal of the order upon the ground that the record does not reveal evidence sufficient to support the findings of the trial judge. The appellee, John C. Van Horne, urges the sufficiency of the evidence but cross-assigns error upon the court's finding that the third codicil is invalid only as to the bequest to Walter Shikany. The appellee, Richard Longabaugh, urges affirmance of the entire order.
The trial judge has written an extensive order containing findings of fact and the opinion of the court. We summarize here from the introductory portion of that order as a statement of the case.
This cause arose in the lower court as a petition for revocation of an order admitting codicils to probate. Petitioner (appellee in this court), John C. Van Horne, brother of the deceased testatrix, Floretta Van Horne, petitioned the lower court to revoke three codicils to his sister's will, alleging improper execution and attestation under Florida law and undue influence by the deceased's guardian, Walter Shikany (the appellant here). Response to the petition by Richard W. Longabaugh, the deceased's nephew (the second appellee) alleges that the codicils were executed properly, but that should the lower court find the existence of undue influence, then any consequences therefrom should not be imposed upon him, but upon Shikany only. However, Shikany categorically denies any improper conduct on his part as to the codicils.
It is worth noting some pertinent provisions from the submitted will, which itself is not under attack here.
"ARTICLE VI
All the rest and residue of my estate of whatsoever kind and nature and wheresoever situate I give, devise and bequeath to my brother, JOHN C. VAN HORNE of Jersey City, New Jersey. In the event my brother, JOHN C. VAN HORNE, predeceases me, then I give my entire estate in equal shares to my cousin, CHARLES THORNE of Spencer, Indiana; RICHARD LONGABOUGH; LAYFAYETTE DUTCH REFORM CHURCH; ALBERTA ROLLE and WALTER R. SHIKANY."
Three codicils were admitted to probate, the first two dated October 14, 1971. The probate of these was revoked because the judge found that neither was executed properly. However, the third codicil, dated November 28, 1971, was admitted into evidence and its provisions include the following:
"First
Artivle [sic] VI-I wish to delete Alberta Rolle from sharing in any residu [sic] of my estate, thus giving my entire estate in equal shares to the two remaining individuals Richard Longabough and Walter R. Shikany."
The appellant, Walter Shikany, urges reversal of the lower court's findings as to the alleged undue influence which was held to invalidate the bequest to him.
Because of the allegations of undue influence on the part of Mr. Shikany, the court below looked to the surrounding circumstances at the time of the execution of the third codicil. It appears that the testatrix met Shikany at the funeral of her *48 sister, that the testatrix "fell apart" as a result of her sister's death, that she needed somebody to help her in her everyday affairs, that she was a heavy drinker (known to consume as much as a case of beer in one day), that after her sister's death she progressively came to depend on Mr. Shikany more and more and finally that he insisted on being appointed guardian of her property if he were to continue advising and assisting her in her business affairs. The outcome of this was a March 28, 1969 petition signed by Shikany and agreed to by the testatrix, resulting in an April 10, 1969 order by the County Judge adjudging the testatrix "incompetent, physically," and appointing Walter Shikany guardian of her property.
Testatrix turned over various stock certificates and other indicia of control of her property to Mr. Shikany, giving him full authority over all her business affairs. Shikany visited her daily and on one occasion made a trip to New Jersey to look after some matters concerning her properties there. It is apparent that the testatrix was undoubtedly very dependent on Shikany.
It was under these circumstances that Mr. Shikany's wife typed up the November 28th codicil, assisted by Mr. Shikany himself in the instrument's execution. The judge below found that Shikany's guardianship over the testatrix constituted a "confidential and fiduciary relationship by law" requiring him to exercise "the highest degree of care" in his dealings as to the execution of the codicil in which he was a substantial beneficiary. The court believed that Shikany should have removed himself completely from the preparations and execution of the instrument, and determined that there was a presumption of undue influence on the part of Mr. Shikany, who failed to provide any reasonable explanation as to his part in the matter of the November 28th codicil, and whose general denial of any role in the preparation of the codicil or in influencing the testatrix did not constitute an adequate explanation.
Pursuant to these findings, the trial court held that the codicil of November 28, 1971 was of no force and effect as to Walter Shikany. Appellant's first point challenges the sufficiency of the evidence to support the trial court's holding that the first two codicils were not executed in accordance with the requirements of § 731.07, Fla. Stat. Our review of the record convinces us that the trial court correctly held that the statute was not complied with. Compare In Re Estate of Beakes, Fla. App. 1974, 291 So.2d 29. The cited case is distinguished from the instant case in that the testimony here clearly reveals that the testator did not sign the codicils in the presence of the witnesses.
Appellant's second and third points challenge the sufficiency of the evidence to support the court's finding of undue influence. Again our review of the record calls for a decision sustaining the trial judge.
The appellee, John C. Van Horne, as cross-appellant, has presented two points on his cross-appeal. The first urges that the court misapprehended the legal effect of the finding that the decedent was competent to execute the three codicils. The evidence before the court was conflicting and susceptible to more than than one interpretation. It is sufficient here to note that there is adequate evidence in the record which if believed by the trial judge would establish that the decedent was competent within the standards set forth by the Supreme Court of Florida in In Re Estate of Zimmerman, Fla. 1956, 84 So.2d 560 and In Re Estate of Weihe, Fla. 1973, 275 So.2d 244. The appellee, John C. Van Horne, as cross-appellee urges in his second point that the codicil of November 28, 1971, being invalid because of the undue influence of Shikany was invalid for all purposes and that the court therefore erred in holding that it was valid as to the appellee Longabaugh. The question presented under this point is controlled *49 by the following statutory provision:
"731.08 Effect of fraud, duress, mistake or undue influence

A will is void if the execution thereof is procured by fraud, duress, mistake, menace or undue influence. Likewise, any part of a will is void if so procured, but the remainder of the will not so procured shall be valid if the same is not invalid for other reasons."
As stated in 57 Am.Jur. Wills, § 366:
"... the general rule is that parts of a will may be held valid notwithstanding other parts are invalid on account of undue influence exercised upon the testator, provided the parts so effected are separable so that the will remains intelligible in itself if the invalid parts are deleted upon probate.
* * * * * *
"The general rule as stated above is subject to the limitation that it is not applicable when it will defeat the manifest intent of the testator, interfere with the general scheme of distribution, or work an injustice to other heirs. The doctrine is not applicable where it is impossible to determine to what extent the specific legacies have been tainted by the undue influence; in such a situation the whole will must either be refused probate or admitted thereto. Moreover, the rule which permits the probate of part of a will notwithstanding other parts are declared invalid as affected by undue influence does not mean that a legatee may sustain his bequest on the ground that he did not participate in bringing undue influence to bear on the testator, where it appears that the entire instrument was the result of undue influence."
* * * * * *
In the present instance, the effect of the trial judge's order[1] is to hold that the intent of the testatrix may be accomplished by simply striking from the codicil the words "and Walter Shikany." This will leave the codicil as follows:
"First
"Article VI  I wish to delete Albert Rolle from sharing in any residu [sic] of my estate, thus giving my entire estate to the remaining individual, Richard Longabough."
We hold that there is nothing in this record to show a connection between Longabaugh and Shikany. The record establishes that Longabaugh is a nephew and a natural recipient of the testatrix's bounty. The trial judge has found that Shikany over-stepped the bounds of propriety by attaching his own name as beneficiary of the estate. We know of no reason that this finding should destroy the legal effect of the codicil as to the remaining beneficiary, and we believe that the decision here reached is in accord with In Re Kiggins' Estate, Fla. 1953, 67 So.2d 915, wherein the Florida Supreme Court stated:
"... the Probate Judge had before him `substantial and competent' evidence on which he could rest his findings as to undue influence on the part of Mrs. Kirch. Neither the Circuit Court (as recognized by it) nor this Court has the right to upset that finding. But as to the Petersons, we agree with the Circuit Judge that there is no evidence whatever in the record to show that they or either of them at any time were guilty of any misconduct toward the deceased. There is not even a scintilla of credible evidence nor a presumption that could be *50 logically drawn from any of the evidence that they unduly influenced Mrs. Kiggins [the testatrix] to include them in her will. We, therefore, conclude that the disposition of the case by the Circuit Judge below was eminently sound as to this appellant and it is hereby [a]ffirmed." 67 So.2d 915, at 918
Affirmed.
NOTES
[1] "I find that the codicil of November 28, 1971, is of no force and effect as to Walter R. Shikany but inasmuch as Richard Longabough was a substantial beneficiary under this codicil, had no part whatsoever in the preparation and execution of this instrument, that said codicil is in effect and valid as to said Richard Longabough."