PER CURIAM.
Subsequent to our opinion in In Re: Estate of Van Horne, 305 So.2d 46 (Fla.3d DCA 1974), the matter reoccurred in the trial court upon a petition of construction of the will of Floretta Van Horne and a codicil thereto. The trial court disposed of the petition by the following order:
ORDER DENYING PETITION FOR CONSTRUCTION OF WILL “This cause came on to be heard on petition for construction of will filed by petitioner, Richard W. Longabaugh, nephew of decedent, contending that the Last Will and Testament of decedent dated April 3, 1969, and the Codicil thereto dated November 28,1971, contained ambiguities as to the identity of the residuary legatee and furthér petitioning the court to consider documents and evidence outside the aforesaid will and codicil to clarify said ambiguities. Response to this petition was filed by the executor of the estate generally denying the existence of any ambiguities and, therefore, the need for consideration of any documents or evidence outside the four corners of the two testamentary instruments.
“The will admitted to probate provides in ARTICLE VI as follows:

‘ARTICLE VI

‘All the rest and residue of my estate of whatsoever kind and nature and wheresoever situate I give, devise and bequeath to my brother, JOHN C. VAN HORNE of Jersey City, New Jersey. In the event my brother, JOHN C. VAN HORNE, predeceases me, then I give my entire estate in equal shares to my cousin, A HARLES THORNE of Spencer, Indiana; RICHARD LON-GABOUGH; LAFAYETTE DUTCH REFORM CHURCH; ALBERTS ROLLE and WALTER R. SHIKANY.’
“The Codicil dated November 28, 1971, provides in part as follows:
‘First
‘Artivle (Sic) VI — I wish to delete Alberta Rolle from sharing in my residu (Sic) of my estate, thus giving my entire estate in equal shares to the two remaining individuals Richard Longa-bough and Walter R. Shikany.’
“By Order of this Court dated October 19, 1973, Walter R. Shikany was deleted as a contingent beneficiary for reasons set forth in said order. This was affirmed by the Appellate Court.
“At the outset of this hearing on petition for construction of will respondent moved that said petition should be dismissed and objected to the introduction of any oral or documentary evidence with regard to the intentions of testatrix as set forth in the will and codicil amitted (sic) to probate on the ground that there did not exist any ambiguities and therefore it would be improper to receive any oral or documentary evidence outside of the testamentary instruments to determine the intention of the testatrix. The court deferred ruling on this motion and conditionally heard oral testimony and received documentary evidence proferred by petitioner.
“It is clear that testatrix’s brother, John C. Van Horne, was named the residuary beneficiary provided he did not predecease testatrix. All parties concede that *509 John C. Van Horne did survive the testatrix; therefore, the remainder of ‘ARTICLE VI’ of the will referring to contigent (sic) beneficiaries is inoperative. The Codicil of November 28, 1971, refers to contingent beneficiaries and makes no reference whatsoever to John C. Van Horne. The will of April 3,1969, and the codicil of November 28,1971, admitted to probate, do not create any ambiguities. These documents clearly express that John C. Van Horne was to be the residuary beneficiary provided he survived the testatrix. Consequently, it is improper and this Court has no authority to consider other testimony outside the four corners of the two testamentary documents in determining the intention of the testatrix with regard to who should share her estate as the residuary beneficiary. Accordingly, it is
“ORDERED:
1. The objection is sustained as to all testimony proffered outside the will dated April 3, 1969, and the codicil of November 28, 1971, admitted to probate, on the ground that there does not exist any ambiguities as to the intention of the testatrix designating the residuary beneficiary.
2. The petition for construction of will is hereby and herein dismissed with prejudice.
3. That the residuary beneficiary of the will of deceased, Floritta (sic) Van Horne, is John C. Van Horne, as set forth in testatrix’s will dated April 3, 1969.”
* * * * * *
The appellant, Longabaugh, has appealed and urges that the trial court erred when it held there was no ambiguity between the will and the codicil; refused to consider evidence outside the will and the codicil; when it failed to hold that Richard W. Longabaugh was the sole beneficiary of the estate; and in not permitting the testimony of the witness, Walter Shikany.
We affirm. The will and the codicil can be reconciled without resort to evidence outside the will and, therefore, it was appropriate for the trial judge to deny the proffer of same and to exclude the testimony of Shikany, even though he may have been right in the latter instance for the wrong reason. In Re: Block’s Estate, 143 Fla. 163, 196 So. 410 (1940); In Re: Estate of Cohen, 196 So.2d 447 (Fla.3d DCA 1967); In Re: Estate of Yohn, 238 So.2d 290 (Fla.1970); Firestone v. Firestone, 263 So.2d 223 (Fla.1972). It appears to us that it was the intention of the testatrix, in the introduction to the codicil dated November 28,1971, to change only the second section of Article VI, because she clearly indicated that she was not giving anything by the codicil; she was merely deleting an individual, and the language “thus giving my entire estate in equal shares” tracts identically the language in the second sentence in the original Article VI.
Therefore, the order under review is affirmed.
Affirmed.