385 So.2d 1110 (1980)
Arthur YORK, Appellant,
v.
Evelyn SMITH, Personal Representative of the Estate of Phillip L. York, Deceased, Appellee.
No. MM-488.
District Court of Appeal of Florida, First District.
June 24, 1980.
Rehearing Denied July 29, 1980.
Michael T. Callahan and Ronald W. Brooks, of Brooks & Callahan, Tallahassee, for appellant.
Harry H. Mitchell and George S. Reynolds, III, Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
Arthur York, who offered for probate the putative will of his brother Phillip, appeals from the circuit court order denying the instrument admission to probate. The instrument is wholly in Phillip's handwriting and was executed by him on February 26, 1974. He acknowledged his signature before subscribing witnesses three years later, on March 22, 1977, not quite two months before he died. In a scarce eight lines, the putative will bequeaths Phillip's entire estate to his brother Arthur, except two guns designated for brother Clem, and stated:

*1111 Nothing goes to Evelyn Dennis York [Phillip's former wife] or Julie whom I do not think is my child... .
The circuit court held that the will and a contemporaneous letter by Phillip to Evelyn and Julie show the will was procured or induced by a mistake, that is, Phillip's conception "that he was not the father of his only child." But for that mistake, the court held, the decedent would have made a different disposition of his property. We must disagree with the conclusion that, for such a mistaken conception, Phillip's will must be denied probate. Absent an insane delusion which destroys testamentary capacity, the testator's mistaken conception of some fact extrinsic to the document, inducing a particular testamentary disposition, does not vitiate the will. Forsythe v. Spielberger, 86 So.2d 427 (Fla. 1956); 1 Page on Wills, Sec. 13.11 (Bowe-Parker ed. 1960); see also In re Estate of Supplee, 247 So.2d 488 (Fla. 2d DCA 1971), cert. den., 250 So.2d 275 (Fla. 1971); Section 732.5165, Florida Statutes (1975).
It remains to be determined whether the circuit court's order should be affirmed on other grounds. We find substantial competent evidence supporting the court's findings that the testator possessed testamentary capacity on the date he executed his will, February 26, 1974, but that he lacked testamentary capacity on the date he acknowledged his signature before the attesting witnesses, March 22, 1977. By cross-appeal appellees urge that the testator's testamentary incapacity on the latter date vitiates the will, because the will was not fully effective until the testator, who signed the will without any witness, acknowledged his signature to attesting witnesses. The trial court rejected that contention as a matter of law. We agree.
There is no claim here that the testator lacked mental capacity to acknowledge his signature. In Florida a testator need not publish his will to the attesting witnesses, nor need he declare the instrument to be his will; and the attesting witnesses need not vouch for the testator's testamentary capacity, nor even know the instrument they sign is a will. In re Estate of Beakes, 306 So.2d 99 (Fla. 1974); In re Estate of Wognum, 279 So.2d 66 (Fla. 4th DCA 1973), cert. den., 284 So.2d 216 (Fla. 1973). From this we conclude that testamentary capacity is required of the testator only when he makes his will, that is, when he signs it as his will, and that his testamentary incapacity when he later acknowledges his signature is inconsequential. Phillip York's will may not be denied probate on this ground.
The contestants also urged to the circuit court that the will be denied probate because of fraud on the part of the subscribing witnesses and the principal beneficiary, Arthur York. Though the fraud issue was tried, the circuit court made no findings on the issue, having disposed of the case on other grounds. On remand, the trial court should enter its findings and conclusions on that issue, which will determine whether the instrument is to be admitted to probate.
REVERSED.
LARRY G. SMITH, concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting.
I respectfully disagree in part with the opinion of the court, although I agree that the question of testamentary capacity depends upon the testator's competence at the time the will is executed. In re Wilmott's Estate, 66 So.2d 465 (Fla. 1953). Section 732.502, Florida Statutes, establishes the formalities under which "[e]very will must be ... executed" (e.s.), and requires that the testator's execution shall be by signature in the presence of attesting witnesses or acknowledgement of prior signature in such presence. § 732.502(1)(b), Florida Statutes. In the present case the testator's previously signed holographic will was not "executed" as that term is defined by § 732.502 until it was acknowledged before the attesting witnesses, and the document was not subject to judicial enforcement as the testator's will until so executed.
*1112 Our Supreme Court, in In re Estate of Watkins, 75 So.2d 194 (Fla. 1954), indicated that under a prior statute the legislature had required an "attesting witness" in order that someone be present "for the purpose of seeing that the will is executed by a legally competent testator... ." The fact of legal competence at the moment of execution by acknowledgement is of course determinable on proof other than the witnesses' observation, but that does not alter the necessity for showing that such capacity existed at the time when the critical acknowledgement was witnessed. Cf. In re Estate of Kavcic, 341 So.2d 278 (Fla. 1st DCA 1977); In re Estate of Beakes, 291 So.2d 29 (Fla. 3rd DCA 1974); In re Estate of Wognum, 279 So.2d 66 (Fla. 4th DCA 1973); In re Leo's Will, 12 Fla. Supp. 61 (Fla.Dade Co.Cir.Ct. 1958). I believe that this rationale is also applicable to § 732.502, Florida Statutes, and requires testamentary capacity at the time the testator acknowledges the will before attesting witnesses, when such acknowledgement is the method by which execution of the will is accomplished. If the testator in the present case could not legally have signed the will at the time when it was first witnessed, I am unable to see how he could then legally accomplish the essential acknowledgement before witnesses to convert an ineffective signature into an effective signature at a time when, as already noted, the court concludes he was incompetent.
Since the testator in the present case lacked testamentary capacity at the time execution of the will was completed by acknowledgement, I would affirm the denial of probate to this instrument, although on other grounds than those relied on by the lower court. I agree entirely with the majority opinion on the issue of mistake.