492 So.2d 395 (1986)
In re ESTATE OF Ruth LANE, Deceased.
No. 85-842.
District Court of Appeal of Florida, Fourth District.
June 4, 1986.
Rehearing and Rehearing Denied August 29, 1986.
*396 Elliott B. Barnett, Terrence Russell, Bonnie S. Satterfield and David M. Orshefsky of Ruden, Barnett, McClosky, Schuster & Russell, P.A., Fort Lauderdale, for appellant Dorothy Imperato, et al.
Maureen A. Hackett and H. Adams Weaver of Johnston, Sasser, Randolph & Weaver, West Palm Beach, for appellee, Herbert Weber.
Rehearing and Rehearing En Banc Denied August 29, 1986.
DELL, Judge.
This appeal arises out of a final order which admitted a republished will to probate.
On October 25, 1983 the decedent Ruth Lane died leaving a large estate consisting of intangible personal property and substantial real estate holdings in Palm Beach County, Florida and San Diego, California. On October 31, 1983 appellant Dorothy Imperato filed a petition for administration for a Florida resident without a will. She received letters of administration and filed the notice of administration that same day. On November 1, 1983 appellant's attorney filed a notice of discovery of document. The newly-discovered document dated December 13, 1982 had decedent's signature on it together with the signatures of two witnesses. The document purportedly revoked a will executed by decedent on December 7, 1982 and republished a will dated February 5, 1982.
On December 5, 1983 appellee Herbert Weber, the personal representative designated in the February 5, 1982 will, filed a petition for administration. He petitioned the court to admit the will to probate, appoint him as personal representative, remove appellant as administrator of the decedent's intestate estate, and issue an order for an accounting of receipts and disbursements. Appellant, by way of an amended answer and affirmative defenses, *397 responded that the will dated February 5, 1982 had been revoked by the will dated December 7, 1982, and that the December 13, 1982 document had been procured by undue influence of Thomas Edwin Jordan. Appellee's reply alleged that the December 13, 1982 document revoked the December 7, 1982 will and had the effect of republishing the February 5, 1982 will. Both parties sought severance from the February 5, 1982 will[1] of any bequest to Jordan or to the foundation on which he served as a director. After a three-week non-jury trial, the trial court entered a final judgment and concluded that:
[T]here was ample evidence to raise a presumption of undue influence by Mr. Thomas Edwin Jordan over Mrs. Lane. The presumption arose due to their confidential relationship in his active role in the procurement of the republication of the December 13, 1983 Will, and Mr. Jordan's substantial benefits under the California Will of February 5, 1982, which was republished. Mr. Jordan failed to come forward with a reasonable explanation for his active involvement in the preparation of the testamentary documents. However, with the exception of the bequest of Mr. Jordan, the disposition of the assets through the Will of February 5, 1982, as republished, is a natural distribution commensurate with Mrs. Lane [sic] long established testamentary plan and is not otherwise a product of undue influence. Florida Statute 732.5165 (1983) establishes that any part of a will procured by undue influence is void, while any part not so procured shall be valid if it is not invalid for other reasons. This Court determines that the part of the Will procured by undue influence is Paragraph # 23 of Article THIRD, the specific bequest to Thomas Edwin Jordan of $100,000.00. This Court finds that the bequest is severable and that the striking of it will not interfere with the general scheme of distribution. See, In Re: Estate of Van Horne, 305 So.2d 46 47 (3d DCA Fla. 1974). The Court further finds that to assume that Mrs. Lane wished to die intestate would be to fly in the face of all of the creditable evidence presented during the trial.
The trial court then granted appellee's amended petition for probate of decedent's February 5, 1982 will as republished on December 13, 1982, struck the specific bequest to Thomas Edwin Jordan contained in the February 5, 1982 will, appointed appellee as personal representative of decedent's estate, and removed appellant as administrator of the intestate estate. Appellant timely filed her notice of appeal.
Appellant contends that the December 13, 1982 document which purportedly republished the February 5, 1982 will is void because the trial court found that Jordan procured the execution of the document by undue influence. Appellant further contends that if the December 13, 1982 document is void, the estate must pass by intestacy since the decedent by her December 7, 1982 will revoked all prior wills. Appellee responds by asserting that part of Section 732.5165, Florida Statutes (1983) which provides:
A will is void if the execution is procured by fraud, duress, mistake, or undue influence. Any part of the will is void if so procured, but the remainder of the will not so procured shall be valid if it is not invalid for other reasons.

(Emphasis added.)
Appellee argues that the December 13 document merged with the February 5, 1982 will and that the two documents must be considered together. Therefore the dispositive issue appears to turn on whether the republication document merged with the February 5, 1982 will. If the documents merged, then the statute providing for partial invalidity applies and the excision of Jordan's bequest cures the defect of undue influence. If on the other hand the republication document and the February 5, 1982 will did not merge, then the trial court's *398 finding of undue influence in the procurement of the republication document would require reversal of the final judgment.
The republication document contained only two paragraphs and made no testamentary dispositions. The first paragraph revoked the will executed on December 7, 1982 by which decedent revoked all prior wills (including the February 5, 1982 will). The second paragraph provided:
Further, I hereby reaffirm that my Last Will and Testament, together with the formation of the Ruth Lane Charitable Foundation, as prepared for me by James Cowley, attorney in the law firm of Latham & Watkins in San Diego, California, on or about February 5, 1982, to be my true intent and desire, and that said documents shall be recognized as valid for estate purposes.
The decedent lived for more than ten months after she executed the republication document. She did not indicate any desire to repudiate that document. In fact, the record supports the trial court's conclusion that she intended her estate to pass under the provisions of her February 5, 1982 will and that she believed that she had republished that will. In Waterbury v. Munn, 159 Fla. 754, 32 So.2d 603 (1947), the court held:
It is well settled that, whereas the revocation of a prior will will be presumed where a subsequent will is executed, confirmation of a prior will will be presumed where the subsequent instrument is a codicil. The execution of a codicil has the effect of republishing the prior will as of the date of the codicil; subject, of course, to the cardinal rule applicable to the construction of testamentary instruments, that the intention of the testator, if ascertainable, must prevail... . The instruments should be construed together and if the codicil can be given any operative effect consistent with the provisions of the will, the latter provisions will be deemed to be unaffected by the codicil.
Id. 32 So.2d at 606.
We find the holding in Waterbury v. Munn supportive of the trial judge's conclusion that the February 5, 1982 will should be given testamentary effect. As we previously stated, the record contains ample evidence that the decedent's intent was not to die intestate and that she believed she had republished her February 5, 1982 will.
The right to dispose of one's property through the instrumentality of a will is highly valuable, and it is the policy of the law to hold a will good wherever possible.
In re Estate of Dunson, 141 So.2d 601, 604 (Fla. 2d DCA 1962). We reject appellant's argument that the December 13 document must be construed without reference to the February 5 will. To do so would require us to ignore the testator's intent and her belief that she had republished the February 5 will. A republication document by its nature must be construed in conjunction with the will which it republishes because it has no meaning or significance apart from the will. The trial court cured the effect of Jordan's undue influence by excising the specific bequest to him from the February 5 will. In re Estate of Van Horne, 305 So.2d 46 (Fla. 3d DCA 1975).
Therefore we hold that the trial judge did not err when he admitted the February 5, 1982 will to probate and revoked the intestate administration instituted by appellant. Accordingly, we affirm the trial court's final judgment in all respects.
AFFIRMED.
ANSTEAD and WALDEN, JJ., concur.
NOTES
[1] The court noted in its final judgment that Jordan no longer served as a director of the foundation mentioned in the February 5, 1982 will.